Leta **HENSLEY**, Appellant,

v.

**AMBER SKY, INC.**, Appellee.

No. 8661.

Court of Appeals of Texas,
Beaumont.

Nov. 12, 1981.

E. Warren Goss, Lubbock, for appellant.

Dick Flume, San Antonio, for appellee.

CLAYTON, Justice.

This is an appeal from a "failure" of the trial court to hear a motion to reinstate appellant's suit for personal injuries, which had been dismissed for want to prosecution.

The record before us reveals that appellant filed her suit for personal injuries on January 3, 1977, against appellee, Amber Sky, Inc., in the 72nd District Court of Lubbock County, Texas. Appellee's plea of privilege was sustained, on November 22, 1977, and the case was transferred to the District Court in Uvalde County, Texas.

This cause was set for trial for September 5, 1978, and was dismissed on this date for want of prosecution, for the reason that appellant, even though duly notified of the trial setting, failed to appear in person or by counsel. The cause was reinstated on October 5, 1978. The case was re-set for trial for April 30, 1979, and was "postponed by agreement." The case was again set for trial for September 4, 1979, and the docket entry shows "cause set for trial, passed for last time; passed at plaintiff's request." The case was again set for trial for March 17, 1980, and the "plaintiff again failed to appear"; the case was dismissed on such date by a formal order signed and entered by the trial judge.

Appellant's counsel admits he received notice of such dismissal for want of prosecution by a letter from the District Clerk, and that he received such notice on March 31, 1980.

Appellant's counsel, with offices in Lubbock, mailed his "Motion to Reinstate Dismissed Case" to the District Clerk of Uvalde County. This motion was filed by the clerk on April 15, 1980, which was on the 29th day following the order of dismissal.

Appellant's sole point of error complains of error by the trial court in "not setting a hearing for the motion to reinstate within the thirty (30) day period provided for in *Texas Rule of Civil Procedure 165a*, despite Plaintiff's direct request for a setting."

Appellant's counsel admits in his brief that he received notice of the dismissal within twenty days of the dismissal order. *Rule 165a* clearly states that when such notice has been received within such time, an order of reinstatement can only be made within thirty days after the signing of the order. Any such order of reinstatement made after such thirty day period is void. The trial court has not, at any time, entered an order of reinstatement, and the trial court did not have jurisdiction to enter an order of reinstatement after April 16, 1980. *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979); *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762 (Tex.1978); *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex. 1977).

Since the trial court has not entered an order of reinstatement, and being without jurisdiction to do so after April 16, 1980, the question before this court at this time is whether the trial court, under the facts of this case, committed error in not setting a hearing on the motion for reinstatement prior to the expiration of thirty days following the order of dismissal. Appellant argues that it is incumbent upon the trial court upon the timely filing of a motion for reinstatement to "set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of hearing" as required by *Rule 165a*. She argues that the failure of the trial court to set the motion for hearing constitutes reversible error. Under the facts of this case, we reject such argument and overrule her point of error.

The record before us shows that the motion to reinstate was filed in the District Clerk's office on April 15, 1980, being the 29th day after the order of dismissal. Appellant received notice of the dismissal on March 31, 1980, and the motion for reinstatement certified that on the 2nd day of April 1980, appellant mailed a copy of such motion to appellee's counsel to his office in San Antonio. There was a period of thirteen days following this mailing to appellee's counsel and the actual filing of the motion in the District Clerk's office. There is nothing in this record to account for this lapse of time. Moreover, there is nothing in this record to show that the trial court had any knowledge of the filing of the motion. The motion was mailed to, received by, and filed in the District Clerk's office by a deputy district clerk. Appellant has failed to show that the motion was ever presented to or called to the attention of the trial judge.

The language of *Rule 165a* which provides that "the court shall set the motion for hearing as soon as practicable ..." does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. The mere fact that a motion was filed within the thirty day period is immaterial. The order of reinstatement must have been entered within the thirty day period. *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979); *Calaway v. Gardner*, 525 S.W.2d 262 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

The motion filed by appellant's counsel was filed twenty-nine days after the order of dismissal was signed. Assuming, arguendo, the trial court had knowledge of the filing of the motion and had received a request for a hearing on the motion, there was only one day in which to order the setting, give notice to counsel, granting time for counsel to attend the hearing in Uvalde, and conduct the hearing.

To comply with the provisions of *Rule 165a* in obtaining a hearing on a motion to reinstate, we hold that such a motion and a request for a hearing thereon must be filed at a time prior to the expiration of the thirty day period following the order of dismissal, which will allow the trial judge reasonable time within which to set the motion for hearing and give counsel notice of the setting and time within which to appear at the hearing. Such timely filing of the motion was not made by appellant's counsel.

Appellant argues that the trial court refused to set the motion for hearing after being requested to do so. We find nothing in this record to show that any request for a setting had been made to or received by the trial judge. Appellant has attached to her

brief a copy of a letter addressed to the trial judge, and a copy of a proposed order setting the motion for hearing. The copy of the letter has noted thereon: "Certified Return Receipt Requested." The return receipt shows that the letter and proposed order was received by the deputy district clerk on April 14, 1980. There is nothing in this record showing such instruments were, at any time, presented to or called to the attention of the trial judge. Moreover, these instruments are not in the record before us, and we do not consider them.

Finding no error, we affirm the judgment of dismissal by the trial court.

AFFIRMED.