Randy L. RAMEY, Relator,

v.

The Honorable Rachel LITTLEJOHN, 156th District Judge, Aransas County, Texas, Respondent.

No. 13–91–019–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 5, 1991.

Calvin W. Scholz, Rockport, for relator.

Lola L. Bonner, Rockport, for interested party.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

In this mandamus action, relator, Randy Ramey, requests this Court to issue a mandamus ordering the Honorable Rachel Littlejohn, judge of the 156th district court, to recuse herself from a case to which she has been assigned. We conditionally grant the writ.

This action arises from a suit for judicial dissolution of a partnership involving the relator and Charles W. Marshall, the real party in interest. The case was filed in the 36th Judicial District Court of Aransas County. The presiding judge of the 36th District Court, Ronald M. Yeager, voluntarily recused himself in response to a motion filed by the real party in interest. Thereafter, relator filed a motion to recuse Judges Yeager, Littlejohn and Alonzo T. Rodriguez.[1] Judge Littlejohn, the local administrative judge, wrote a letter to Judge John Cornyn, who was at that time the presiding judge of the Fourth Administrative Judicial Region, requesting him to assign the case. She advised Judge Cornyn that Judge Yeager had voluntarily recused himself from the case which was pending in his court. She also noted in the letter that she would be willing to be assigned to the case. By order dated December 10, 1990, the presiding judge assigned Judge Littlejohn to the 36th District Court to hear the case.

Relator objected to Judge Littlejohn's assignment pursuant to Tex.Gov't Code Ann. § 74.053(b) (Vernon Supp.1991). Despite the timely filed objections and relator's insistence that Judge Littlejohn take no action in the case other than to remove herself, Judge Littlejohn has undertaken hearing matters in the case and has entered temporary orders.

---

1. Each of the judicial districts over which these judges preside includes Aransas County.

 Judge Littlejohn was assigned the case pursuant to Tex.Gov't Code Ann. § 74.056 (Vernon 1988), which allows the presiding judge to assign judges under various circumstances. The parties agree that Judge Littlejohn has undertaken the case by virtue of Judge Cornyn's assignment. Section 74.053 provides that when a judge is assigned under this subchapter the presiding judge shall give notice of the assignment. If a party to a civil case files a timely objection to the assignment, the judge *shall not* hear the case. Tex.Gov't Code Ann. § 74.053(b) (Vernon Supp.1991). The code provides that an objection must be filed before the first hearing or trial. It allows a party only one objection.

It is undisputed that relator complied with the requisites of the statute. The real party in interest argues that Section 74.-053(b) applies only to visiting judges and is inapplicable here because Judge Littlejohn is an active, regular judge who presides in the district. We reject this argument for two reasons. First, Judge Littlejohn was assigned to the 36th District Court to hear the case. For purposes of the assignment she was, in fact, a visiting judge. Second, the code does not make a distinction between visiting judges and local judges who are assigned. It provides only that an *assigned* judge shall not hear a case when a timely objection to the assignment is filed. Creating such a distinction would amount to legislation rather than interpretation. The statute clearly required Judge Littlejohn to disqualify herself when relator filed the timely objection to her assignment. She was, at that point, disqualified as a matter of law. *Lewis v. Leftwich,* 775 S.W.2d 848, 851 (Tex.App.—Dallas 1989, orig. proceeding).

 Mandamus generally will not be proper if there is an adequate remedy by appeal. However, mandamus is proper when the trial court's actions are void. *Id.; see also Qwest Microwave Inc. v. Bedard,* 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding). Judge Littlejohn was disqualified from this case as a matter of law. There was no judicial discretion in this matter. Any order entered by Judge Littlejohn pursuant to the assignment is void and of no effect.

We are confident that Judge Littlejohn will take no further action in the case except any action necessary to have the case assigned by the administrative judge of the Fourth Judicial Region. Mandamus will issue only if the trial court refuses to comply. All other relief requested by the relator is denied.