**Blanca CABRERA, Individually and on Behalf of the Estate of Octavio Villareal Cabrera, Decedent, and on Behalf of the Minor Children, Jazel Cabrera and Octavio Cabrera, Jr., Appellant,**

v.

**CEDARAPIDS INC., Appellee.**

**No. C14–91–00561–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1992.

Rehearing Denied Aug. 26, 1992.

scheduled for January 24, 1991.

Bruce L. Jamison, Houston, for appellant.

Boyd Smith, Marc Fisher, Richard Sheehy, James H. Westmoreland, Dale Ledbetter, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant appeals from the trial court's dismissal of her cause of action. The primary issue presented by this appeal is whether the appellant presented a valid objection to the local administrative judge's appointment of Judge Sharolyn Wood to handle this matter after the visiting judge was properly objected to by appellee. We hold that appellant did not present a valid objection and overrule appellant's points of error.

Appellant filed suit against appellee and others on August 13, 1987. Appellant filed suit in this products liability case for damages resulting from the death of Octavio Cabrera. This case was assigned to the 190th District Court in Harris County. At the time of the assignment, the Honorable Wyatt Heard presided over the 190th. During the pendency of this matter, Judge Heard resigned and a visiting judge, the Honorable Benjamin Martinez, formerly the District Judge of the 293rd Judicial District Court of Maverick, Dimmit and Zavala Counties, was assigned to preside over the cases docketed in the 190th District Court. Appellee asserted a proper objection pursuant to TEX.GOV'T CODE ANN. § 74.053 (Vernon 1988) to the assignment of Judge Martinez by the presiding judge of the second administrative judicial region, the Honorable Tom Stovall. The matter was then sent to the administrative judge of the Civil District Courts of Harris County, the Honorable David West, to be reassigned to a local district court judge. The Honorable Sharolyn Wood was assigned to oversee this case.

On February 11, 1991, appellee filed a motion to compel appellant's designation of experts and Judge Wood set a hearing on the motion for March 1, 1991. On March 1, 1991, appellant filed an objection to the assignment of Judge Wood to preside over cases in the 190th. Neither appellant nor her counsel appeared at the hearing set for March 1, 1991. The judge telephoned ap-

pellant's counsel, who stated that he knew about the hearing, but refused to attend on the ground that attendance might waive his objection to Judge Wood's presiding over the case. Judge Wood then signed an order setting a docket call and a pre-trial hearing for March 8, 1991. Neither appellant nor her counsel appeared on March 8. The judge signed an order requiring appellant to show cause why the case should not be dismissed and ordered the parties to appear on March 11, 1991. Neither appellant nor her counsel appeared at this hearing or requested that it be rescheduled. Judge Wood again personally telephoned appellant's counsel to make sure that he knew about the hearing and instructed counsel to appear in court. Once again Appellant's counsel assured the judge that he was aware of the hearing, but refused to attend for fear that he would waive his objection. Based on this continued refusal to comply with the orders of the court and to litigate the case as required by the rules, Judge Wood dismissed appellant's case as authorized under TEX.R.CIV.P. 165a.

Appellant filed a motion for reinstatement on April 5, 1991, but failed to request a hearing on the motion. On May 27, 1991 the motion was overruled by operation of law, and appellant sought to file a petition for writ of mandamus with the court of appeals and the Texas Supreme Court. Appellant was denied leave to file in both courts. This appeal followed.

Appellant asserts four points of error. The first point contends that Judge Wood erred in proceeding with any matter upon the timely filing of appellant's motion pursuant to TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1991). In a second point appellant argues that if her objection to Judge Wood is improper then so is the earlier objection by appellee to Judge Martinez. In her third point of error appellant asserts that if Judge Wood had jurisdiction then she erred by dismissing the case for want of prosecution. In her fourth point appellant complains that the trial court erred in failing to conduct a hearing on appellant's motion to reinstate and in failing to reinstate the case.

■ Appellant's first two points of error can be dealt with together. Appellee objected to the appointment of Judge Martinez pursuant to TEX.GOV'T CODE ANN. § 74.053(b) (Vernon Supp.1991). This objection was proper under this section, and the assignment of the case to Judge Wood by the administrative judge of the District Court was the next step. Judge West assigned the case to Judge Wood under his authority. Appellant then lodged an objection under Section 74.053 to the assignment of Judge Wood to hear this matter. This section does not apply to the assignment of Judge Wood to preside over the cases in the 190th District Court, but applies only to the assignment of Judge Martinez.

Section 74.053 applies only "when a judge is assigned under this chapter." Chapter 74 deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. This section has been interpreted by the appellate courts to be applicable only when a judge is assigned by the presiding judge of the administrative judicial region pursuant to this chapter. *R.J. Gallagher Company v. White,* 709 S.W.2d 379 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Erbs v. Bedard,* 760 S.W.2d 750 (Tex.App.—Dallas 1988, no writ). The objection made by the appellant in *Meuth v. Hartgrove,* 811 S.W.2d 626 (Tex.App.—Austin 1990, writ denied) is identical to the one made in this case. In that case the appellant objected to the same kind of assignment by the presiding judge of the district court under Section 74.053. The court in *Meuth* rejected the appellant's objection explaining that "when a judge is assigned by the presiding judge of the administrative judicial region to hear a civil case, a party may timely object to the assignment and prevent that judge from hearing the cause." The court reasoned in *Meuth* that since the judge in that case was not sitting by assignment of the presiding judge of the administrative judicial region the objection was invalid.

■ The facts in this case are almost identical to *Meuth.* Judge Wood was appointed by Judge West and not by Judge

Stovall. Her appointment was not "under" chapter 74. Thus the objection must fail. Appellant relies on *Ramey v. Littlejohn*, 803 S.W.2d 872 (Tex.App.—Corpus Christi 1991, orig. proceeding) for the position that any judge who hears a matter from another court is an assigned judge subject to objection under Section 74.053(b). The *Ramey* court made it clear that an objection under this section could only be made to a judge appointed under Chapter 74. The judge in *Ramey* was appointed under chapter 74 by the presiding judge of the administrative region. The section 74.053(b) objection was applied to a regular sitting judge when that judge was appointed under this chapter in *Ramey*. Judge Wood was not appointed under chapter 74. She was selected to preside over the 190th District Court by Judge West and not by Judge Stovall. This objection was not proper as to Judge Wood. She had jurisdiction over the case and was entitled to proceed with the matter. Appellant's first point of error is overruled.

Appellant argues in his second point that if the objection to Judge Wood was improper then the objection to Judge Martinez by the appellee was also improper. This argument is invalid for the reasons discussed above. Judge Martinez was assigned to the case by Judge Stovall, the presiding judge for the second administrative judicial region. This is specifically the kind of assignment provided for under Chapter 74. A party's right to object under Section 74.053 is properly applied to this exact situation. An objection to an assignment of a judge under this chapter is proper, but a party has no right to object under section 74.053 to the assignment of a judge under any other chapters, rules or codes. We overrule this point of error.

Appellant asserts two more points of error focusing on the trial court's dismissal of her case for want of prosecution and the denial of the motion to reinstate. We disagree with appellant's assertions under these points and overrule the two points of error.

■ Appellant's cause of action was dismissed for the refusal of counsel on three occasions to appear before the court. Judge Wood held a hearing on a motion to compel appellant's designation of experts which appellant did not attend. Then the court set a docket call and a pre-trial hearing for March 8, 1991, which appellant's counsel refused to attend. The judge even called appellant's counsel to make sure that he had notice of the hearing. Counsel for appellant told the court that he had notice of the hearing but refused to attend. On March 11, 1991 the judge scheduled a show cause hearing for appellant to appear and show cause why her case should not be dismissed for want of prosecution. Again neither appellant nor her counsel appeared before the court, and again Judge Wood telephoned appellant's counsel. The judge was told that counsel knew about the hearing but would not attend.

Tex.R.Civ.P. 165a(1) clearly provides the trial court with the authority to dismiss a case for want of prosecution if the party seeking affirmative relief fails to appear for any hearing the party had notice of. *Degen v. General Coatings, Inc.*, 705 S.W.2d 734 (Tex.App.—Houston [14th Dist.] 1986, no writ). The facts in this case particularly justify the dismissal by the trial court. Appellant's counsel knowingly refused to appear after the court telephoned him directly. He had notice of the hearings and refused to attend on the ground that he would waive his objection to the appointment of Judge Wood to preside over the case. The trial court did not err in exercising its authority under the statute. We overrule appellant's third point of error.

■ Appellant asserts in her fourth point of error that the trial court erred in failing to set a hearing on appellant's motion to reinstate. Appellant never requested a hearing on that motion. Clearly before trial court error can be found in the failure to set a hearing on a motion to reinstate the movant must request a hearing. *Calaway v. Gardner*, 525 S.W.2d 262 (Tex.App.—Houston [14th Dist.] 1975, no writ); *Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.*, 750 S.W.2d 862, 867 (Tex.App.—Houston [14th

Dist.] 1988, no writ); *NASA 1 Business Center v. American Int'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Hensley v. Amber Sky, Inc.*, 624 S.W.2d 774, 775 (Tex. App.—Beaumont 1981, no writ); *Estate of Bolton v. Coats*, 608 S.W.2d 722, 729 (Tex. App.—Tyler 1980, writ ref'd n.r.e.). The only case which places the burden on the trial court to set a hearing without a request or motion by the movant is *Bush v. Ward*, 747 S.W.2d 43 (Tex.App.—Beaumont 1988, no writ). The Beaumont Court of Appeals contradicts its holding in *Hensley*, explaining that the change in the rule places the burden on the trial court to hold a hearing on the motion without request by the movant. We decline to follow this decision based on the numerous decisions rendered by this court and other courts of appeals which place this burden on the movant. We overrule appellant's fourth point of error.

Accordingly we overrule all of the points of error asserted by the appellant and affirm the judgment of the trial court.