O.C.S., INC., a/k/a Oilwell Control
Services, and Steve Clark,
Appellants,

v.

PI ENERGY CORPORATION and
Victor Saied, Appellees.

No. 01–98–01094–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 6, 2000.

Jesse Blanco, Jr., Brad Beers, Peter J. Riga, Houston, for Appellant.

Christopher Fuller, Austin, for Appellee.

Panel consists of Justices O'CONNOR, TAFT, and SMITH.*

## OPINION

TIM TAFT, Justice.

O.C.S., Inc., a/k/a Oilwell Control Services (OCS), and Steve Clark, appellants, challenge a judgment awarding $5,703,000, plus attorney's fees and costs to appellee, Pi Energy Corporation (PI). OCS and Clark present six issues challenging the authority of the trial judge to enter the judgment, which they claim is void. We are asked to address whether a sitting, elected, "regular" judge, who was assigned to hear a motion to recuse the trial judge, is subject to peremptory objection under section 74.053(b) of the Government Code; whether an order issued in another case, and by a different court, precluded entry of the judgment; whether the trial court

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

proceeded to judgment despite a rule 11 agreement to defer the trial; and whether the trial court erred by not referring OCS's and Clark's amended motion for new trial and to recuse. We reverse and remand.

## I. Background

### A. The Parties' Pleadings

OCS and Clark filed a sworn-account petition against PI to collect for services and materials provided to contain an underground blowout and to control a gas well on PI's property. PI answered that the services were defective, and disputed the account. PI also counterclaimed against OCS and Clark for breach of contract, breach of express warranty, deceptive trade practices, slander of title, negligence, gross negligence, and attorney's fees. Trial was set for July 6, 1998.

Shortly before the trial date, OCS and Clark filed an amended petition. Although the deadline for adding additional parties had expired six months earlier, this petition added two defendants, Victor Saied, CEO and president of PI, and his brother, Andy Saied, as well as additional claims, for conversion of insurance proceeds arising from the well blowout, fraud, breach of contract, negligent infliction of emotional distress,[1] punitive damages, attorney's fees, and sanctions for frivolous pleadings. Two weeks before the trial setting, OCS and Clark amended their pleadings again, to add PI's and the Saieds' trial counsel and their law firm as defendants, and claims for civil conspiracy, bad faith, and breach of fiduciary duty. Victor Saied moved to strike the petition against him, on the grounds it was filed after the deadline for joining additional parties, and also filed several special exceptions and a verified denial disputing his liability and capacity to be sued individually.

1. Texas does not recognize this cause of action. *Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993).

## B. Preliminary Section 74.053 Objections

This case was initially assigned to the 55th Judicial District Court of Harris County, the Honorable Kathleen Stone, presiding. In mid-June 1998, OCS objected to the assignment of the Honorable James F. Clawson, retired, as visiting judge, under section 74.053(b) of the Government Code. TEX. GOV'T CODE ANN. § 74.053(b) (Vernon 1998). Judge Clawson sustained OCS's objection.

On July 8, 1998, OCS and Clark objected to the assignment of the Honorable P.K. Reiter, a former judge assigned as visiting judge to the 55th District Court of Harris County, under section 74.053(d) of the Government Code. TEX. GOV'T CODE ANN. § 74.053(d). Judge Reiter sustained Clark's objection.

## C. Proceedings before Judge Hall—July 14, 1998

On July 13, 1998, the case was transferred to the 270th District Court, the Honorable Richard Hall, presiding, as authorized by the Texas Constitution, the Government Code, and the Rules of Civil Procedure. TEX. CONST. art. V, § 11; TEX. GOV'T CODE ANN. §§ 24.003(c), 79.094(a) (Vernon Supp.2000); TEX.R. CIV. P. 330(e); see also In re Houston Lighting & Power, 976 S.W.2d 671, 672–73 (Tex.1998) ("Transferring a case is not dependent upon an assignment or any formal order.").

### 1. Section 74.053(b) Objection

On July 14, 1998, Judge Hall called the case for trial. A jury panel was assembled. The attorneys who appeared for OCS and Clark objected to Judge Hall under section 74.053(b) of the Government Code. TEX. GOV'T CODE ANN. § 74.053(b). The objection was verbal only. See Morris v. Short, 902 S.W.2d 566, 569 (Tex. App.—Houston [1st Dist.] 1995, writ de-

nied) (interpreting section 74.053(b) to require "filing," because a written objection is required). Judge Hall overruled the objection.

### 2. The First Motion to Recuse

OCS and Clark then moved to recuse Judge Hall. Judge Hall declined to recuse himself and referred the motion and supporting documentation by telecopier to the Honorable Olen Underwood, presiding judge of the Second Administrative Judicial Region, along with a notice that a jury had been assembled and was waiting. See TEX. GOV'T CODE ANN. § 74.059(c)(3) (Vernon 1998); TEX.R. CIV. P. 18a(d). Judge Underwood promptly assigned the motion to recuse to the Honorable Elizabeth Ray. Judge Hall recessed the proceedings pending Judge Ray's ruling.

## D. Proceedings before Judge Ray—July 14, 1998

Clark began the hearing on the motion to recuse Judge Hall by objecting to Judge Ray under section 74.053(b) of the Government Code. TEX. GOV'T CODE ANN. § 74.053(b). Clark's objection was handwritten, and was served and filed at the hearing.[2] Judge Ray overruled Clark's objection, and disputed his claim that she lacked any further power to act. When Judge Ray proceeded to the motion to recuse, Peter Riga, OCS's and Clark's attorney, called Judge Hall to testify. When Judge Ray refused to summon Judge Hall, Riga offered nothing further, despite having averred, in the recusal motion, that the evidentiary hearing "would leave no doubt" as to the alleged "impropriety." Judge Ray denied the motion to recuse Judge Hall. OCS and Clark do not challenge this ruling.

## E. Continuing Proceedings before Judge Hall—July 14, 1998

When the parties returned before Judge Hall, he read Judge Ray's docket entries

---

**2.** See Morris, 902 S.W.2d at 569 (holding that handwritten objection satisfied section 74.053(b)); Lewis v. Leftwich, 775 S.W.2d 848, 850–51 (Tex.App.—Dallas 1989, orig. proceeding) (holding that objection, filed same day as, but before, first hearing, was timely).

into the record. After Judge Hall overruled requests to postpone the trial, Riga announced he would not participate any further in the trial, would "stand on his objection," would "default," and would not present any evidence. Judge Hall proceeded to grant the recently added defendants' motions to strike amended pleadings and PI's motion in limine. At that point, both counsel for OCS and Clark left the courtroom.

PI then prevailed on its motion to dismiss OCS's and Clark's claims for want of prosecution, and tried its counterclaims to the court after waiving a jury.[3] As reflected in the final judgment signed on July 21, 1998, PI was awarded $1,900,000 in damages, with trebling to a total of $5,703,000, on finding that OCS and Clark had "knowingly" violated the Deceptive Trade Practices Act.[4]

### F. Judge Ray Withdraws Ruling on Section 74.053 Objection

On July 15, 1998, the day after the bench trial on PI's counterclaims, OCS and Clark challenged Judge Ray's refusal to sustain Clark's section 74.053(b) objection to her presiding. This was done through correspondence, addressed to Judge Ray, that incorporated attached case law. One week later, and one day after Judge Hall signed the judgment, Judge Ray signed an order that sustained Clark's section 74.053 objection to her presiding over the recusal hearing and withdrew her July 14, 1998 ruling denying the motion to recuse Judge Hall.

### II. Clark's Section 74.053(b) Objection to Judge Ray

OCS's and Clark's first three issues involve Clark's section 74.053(b) objection to Judge Ray's assignment to hear the motion to recuse Judge Hall. OCS and Clark contend that Clark's objection rendered

void any action taken by Judge Hall after the parties returned to his courtroom from the hearing before Judge Ray on the first motion to recuse, and that the first motion to recuse Judge Hall remains unresolved.

### A. Standard of Review

Interpretation of a statute is a pure question of law; the judge has no discretion. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997) (interpreting section 74.053). We therefore decide de novo whether Judge Ray was subject to a section 74.053 objection that precluded her presiding over the motion to recuse Judge Hall. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (holding that questions of law are reviewable de novo).

### B. Judge Ray's Status

There are three categories of judges who may receive assignments: "regular," "retired," and "former." *See* Tex. Gov't Code Ann. § 74.054(a)-(d) (Vernon 1998); *Mitchell Energy Corp.* 943 S.W.2d at 439. A "regular" judge is a current officeholder from another court. Tex. Gov't Code Ann. § 74.054(a)(1), (a)(5), (b). It is undisputed that Judge Ray is a "regular" district judge and thus subject to assignment under section 74.054(a)(1).

### C. Clark's Standing to Object under Section 74.053(b)

Section 74.053 of the Texas Government Code provides in part:

. . .

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

. . .

---

**3.** There is no reporter's record of the bench trial, and none of these rulings is challenged on appeal.

**4.** The "knowingly" findings are based on deemed admissions.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053(b),(d).

 Subsection (b) thus allows a party but one objection to any assigned judge, except when the assigned judge or justice is a former (not retired) judge. *Mitchell Energy Corp.*, 943 S.W.2d at 437; *see also Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996) (recognizing that section 74.053(d) allows unlimited objections to assigned judges who are former, i.e., "not retired" judges). Having exercised its section 74.053(b) right by striking the assignment of Judge Clawson, a retired judge, OCS could no longer strike any assigned judge except a former judge. *Mitchell Energy Corp.*, 943 S.W.2d at 437.[5] Clark, on the other hand, had struck only Judge Reiter, a former judge, and therefore had not exhausted his single section 74.053(b) objection.[6] This was the objection he raised to Judge Ray.

### D. "Regular" Judge Subject to Section 74.053(b) Objection

 Judge Olen Underwood, presiding judge of the Second Administrative District, signed the order appointing Judge Ray to consider the motion to recuse Judge Hall. Judge Underwood's order specified that he appointed Judge Ray

5. OCS therefore had no right whatsoever to object to Judge Hall under section 74.053(b).

6. Clark's objection to Judge Hall had been overruled.

7. Subsections (c) and (d) of rule 18a provide:

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

pursuant to rule 18a of the Rules of Civil Procedure. *See* TEX.R. CIV. P. 18a(c), (d).[7] There is no reference in the order to section 74.053 of the Government Code. The authority to assign under rule 18a derives, however, from Chapter 74 of the Government Code. *In re Perritt*, 992 S.W.2d 444, 446 (Tex.1999); *In re Torch Energy Mktg., Inc.*, 989 S.W.2d 20, 21, 22 (Tex.App.—San Antonio 1998, orig. proceeding); *see also* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. 8a(1) (Vernon 1998) (Rules of Judicial Administration) (authorizing assignment of judges "in the manner provided by Chapter 74," for rule 18a recusal procedures). Because it does not matter that an assignment is pursuant to rule 18a, Judge Ray could not escape a section 74.053(b) objection on that basis.

 Objections to judges assigned under Chapter 74 are governed by section 74.053, which provides:

### § 74.053. Objection to Assigned Judge

(a) When a judge is *assigned under this chapter* the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case *files a timely objection to the assignment, the judge shall not hear the case.* Except

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the *assigned judge* is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (emphasis added).

In contrast to section 74.054(a)(1), which distinguishes among the types of judges "subject to assignment" and specifically includes "regular," sitting, elected judges, section 74.053 speaks only in terms of "assigned" judges. Subsection (b) states unequivocally, however, that "[i]f a party to a civil case files a timely objection to *the assignment, the judge* shall not hear the case." TEX. GOV'T CODE ANN. § 74.053(b) (emphasis added). Section 74.053 limits only the number of each party's objections to an assigned judge: each party to a case has one objection, except when the assigned judge is a "former judge or justice who was not a retired judge." TEX. GOV'T CODE ANN. § 74.053(b), (d). Section 74.053 does not otherwise limit the type of judge who is subject to objection. A party may thus object to any judge assigned pursuant to Chapter 74. Because she was "assigned" by authority of Chapter 74, Judge Ray was subject to objection by Clark, provided he had not exhausted his section 74.053(b) strike, which he had not.

After she had overruled Clark's section 74.053(b) objection, Judge Ray was asked to reconsider her ruling, based on *Ramey v. Littlejohn,* 803 S.W.2d 872, 873 (Tex. App.—Corpus Christi 1991, orig. proceeding). *Ramey* was a mandamus proceeding brought against the Honorable Rachel Littlejohn when she refused to withdraw from a case after a party objected to her under section 74.053(b). Like Judge Ray, Judge Littlejohn was also a "regular," presiding judge, who was assigned to a case by the presiding judge of the local administrative region. *Ramey,* 803 S.W.2d at 872. As Judge Ray pointed out when presented with Clark's section 74.053(b) objection, she was, and still is, the local administrative judge of Harris County. Judge Littlejohn was also the local administrative judge of Aransas County. *Ramey,* 803 S.W.2d at 872. The only distinction between this case and *Ramey* is that Judge Littlejohn was assigned to hear the entire case, while Judge Ray was assigned to hear the motion to recuse. After overruling the relator's section 74.053(b) objection, Judge Littlejohn continued to hear matters and issue orders in the assigned case. *Ramey,* 803 S.W.2d at 872.

In issuing mandamus relief to preclude any further orders by Judge Littlejohn, the Corpus Christi court rejected the argument that PI and Saied raise here: that section 74.053(b) applies only to "visiting" judges and therefore exempts "regular," sitting, elected judges from any mandatory duty to sustain a section 74.053(b) objection. *Ramey,* 803 S.W.2d at 872. In rejecting this argument, the court emphasized, as we have above, that section 74.053(b) provides only that an "assigned" judge shall not hear a case when a party timely files an objection to the assignment; the statute does not distinguish between "visiting" judges and "regular," sitting, elected judges, who might be assigned. *Ramey,* 803 S.W.2d at 873. For purposes of the statute, the court reasoned, Judge Littlejohn "was in fact a visiting judge" and thus subject to section 74.053(b) objection. *Ramey,* 803 S.W.2d at 873. This Court and the Fourteenth Court of Appeals have acknowledged the *Ramey* holding. *See Garcia v. Employers Ins.,* 856 S.W.2d 507, 508–09 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (noting holding); *City of Wharton,* 966 S.W.2d 855, 857 n. 5 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding), *overruled sub nom. In re Houston Lighting & Power Co.,* 976 S.W.2d 671 (Tex.1998) (noting holding);

**554**

*Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 618 (Tex.App.—Houston [14th Dist.] 1992), *writ dism'd, improvidently granted*, 847 S.W.2d 247 (Tex.1993) (noting and distinguishing holding).[8]

More recently, the El Paso and San Antonio Courts of Appeals have interpreted Section 74.053(b) as encompassing regular, sitting, elected judges, but without citing *Ramey. See Chandler v. Chandler*, 991 S.W.2d 367, 381 (Tex.App.—El Paso 1999, pet. denied) ("A litigant may object to a "regular" or "retiree" judge only once in a civil case."); *Torch Energy*, 989 S.W.2d at 22 (granting mandamus relief to require district judge assigned to hear motion to recuse to grant section 74.053(b) objection).[9] Of all of these cases, *Torch Energy* is the most analogous to the circumstances presented here. Like this case, *Torch Energy* addresses a section 74.053(b) objection to a regular, sitting, elected judge, Judge Mancias, who, like Judge Ray, had been assigned to rule on a motion to recuse a different, regular, sitting, elected judge.

We conclude that our sister courts, in the *Ramey, Torch Energy*, and *Chandler* decisions, correctly interpreted section 74.053(b) as subjecting regular, sitting, elected judges to the unqualified objection provided by that statute when they are assigned to consider either a motion to recuse or all or part of a case. We therefore conclude that Judge Ray correctly interpreted section 74.053(b) when she withdrew her earlier ruling and sustained Clark's objection.

## E. Consequences

When, as here, a party timely objects to an assignment, "the judge shall not hear the case." TEX. GOV'T CODE ANN. § 74.053(b). Judge Ray recognized that she erred by overruling Clark's section 74.053(b) objection when she withdrew that ruling and sustained the objection. Under well-settled law, when an assigned judge erroneously overrules a timely section 74.053(b) objection, all subsequent orders by that judge are void. *E.g., Flores*, 932 S.W.2d at 501 (Tex.1996); *Mercer v. Driver*, 923 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding); *Torch Energy*, 989 S.W.2d at 22; *Ramey*,

---

**8.** Neither *Garcia* nor *Cabrera* applied *Ramey* to address section 74.053 objections to sitting, elected judges. *Garcia* involved section 74.053(b) and (d) objections to a former judge and a retired judge. *See Garcia*, 856 S.W.2d at 508. While the objection in *Cabrera* was to the Honorable Sharolyn Wood, a sitting, elected judge, the Fourteenth Court concluded section 74.053(b) did not apply to her because she had been assigned under rule 18a. *Cabrera*, 834 S.W.2d at 617. This former distinction between section 74.053(b) and rule 18a is no longer valid. *Perritt*, 992 S.W.2d at 446; *Torch Energy*, 989 S.W.2d at 21, 22; *but see In re Houston Lighting & Power Co.*, 976 S.W.2d at 672 n. 7 (noting appellate decisions that recognize assignments, made other than under rule 18a, which are not subject to section 74.053 objections).

*Houston Lighting & Power Co.*, was an original mandamus proceeding in which the supreme court held that the Fourteenth Court of Appeals misconstrued the right of assignment in holding that a section 74.053 objection should have been sustained. *See Houston*

*Lighting & Power Co.*, 976 S.W.2d at 674. The real party in interest had objected to the assignment of the Honorable Mark Davidson, a "regular," elected judge, to the 127th District Court to hear the underlying case, which was simultaneously transferred to the 11th District Court, where Judge Davidson presides. *Id.* The supreme court concluded that the policy concerns behind section 74.053 objections were not at issue in transfers between district courts, and that the transfer of the case to Judge Davidson's court rendered any section 74.053 objection moot. *Houston Lighting & Power Co.*, 976 S.W.2d at 673, 671. Accordingly *Houston Lighting & Power Co.*, addresses only indirectly whether Judge Davidson was subject to section 74.053(b) objection solely because of his status as a "regular," elected judge.

**9.** The footnote to the *Torch Energy* opinion contains the text of assignment, which clarifies that the assigned judge was Judge Fernando Mancias, Judge of the 93rd District Court of Brooks County, and thus, like Judge Ray, a "regular," sitting, elected judge. *Torch Energy*, 989 S.W.2d at 21 n. 1.

803 S.W.2d at 873. Accordingly, Judge Ray's error in overruling the initial objection invalidated her order denying Clark's motion to recuse Judge Hall.[10]

 When a judge assigned to hear a motion to recuse erroneously overrules a timely section 74.053(b) objection and overrules the motion to recuse, all subsequent orders by the judge sought to be recused are also void. *Mercer*, 923 S.W.2d at 658. After Judge Ray denied the motion to recuse, Judge Hall overruled OCS's and Clark's attempts to defer the trial, refused to enforce what their trial counsel claimed was a rule 11 agreement, struck their fourth and fifth amended petitions, granted PI's motion in limine, and rendered judgment in PI's favor. All of these, and any subsequent rulings and orders by Judge Hall, while they may have since become moot, are void. Because these rulings are void, the parties are returned to their status when Clark sought to recuse Judge Hall.

We sustain OCS's and Clark's first three issues. Because we sustain these issues, we need not address their remaining three issues, all of which challenge rulings by Judge Hall that followed the first motion to recuse.

### Motion to Dismiss

PI and Saied have moved to dismiss the appeal. They claim all issues presented by this case were resolved when the United States Bankruptcy Court for the Southern District of Texas at Corpus Christi dismissed a different lawsuit, by OCS and Clark, which had been removed to that court on PI and Saied's motion. PI and Saied rely on the doctrines of res judicata and finality of judgments. Having concluded that the motion to dismiss raises factual matters best reserved to the trial court, we deny the motion to dismiss.

### Conclusion

We reverse the judgment of the trial court and remand the cause. We deny PI and Saied's motion to dismiss.

10. The error also rendered void even the correct withdrawal of her erroneous ruling.