Opinion issued July 17, 2003








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00325-CV




ARTIS WILLIAMS, Appellant

V.

OLETHIA E. CHISOLM, M.D. AND KELSEY-SEYBOLD GROUP,
INCORRECTLY NAMED AS CAREMARK INTERNATIONAL, INC.
D/B/A KELSEY-SEYBOLD PALM CENTER CLINIC, Appellees




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2001-04710




O P I N I O N

          Appellant, Artis Williams, sued appellees, Olethia E. Chisolm, M.D., and
Kelsey-Seybold Group, incorrectly named as Caremark International, Inc. d/b/a 
Kelsey-Seybold Palm Center Clinic (Kelsey) for medical malpractice.


 Williams
brings a single issue to challenge the dismissal of his claims with prejudice for failure
to comply with article 4590i, section 13.01(d), (e) of the Medical Liability and
Insurance Improvement Act. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)
(Vernon Supp. 2003). Williams contends that the trial court abused its discretion by
concluding that Williams’s failure to comply was intentional or the result of
conscious indifference. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g)
(Vernon Supp. 2003). We affirm.
Background
          Williams filed his original petition on January 20, 2001, seeking recovery
against Dr. Chisolm and Kelsey based on claims of medical malpractice. The record
reflects that Williams appeared with counsel before the trial court on July 27, 2001
and that both were cautioned about several matters including the risk of dismissal of
the case for want of prosecution and the failure to comply with article 4590i, section
13.01(d) by filing expert reports. The trial court issued a written notice of intent to
dismiss on July 31, 2001. On August 31, 2001, before dismissing the case for want
of prosecution, the trial court conducted a second oral hearing at which Williams and
his counsel were again reminded of the article 4590i, section 13.01(d) deadline. The
dismissal occurred 193 days after Williams filed suit and thus after the 180-day
deadline under article 4590i, section 13.01(d) had passed. 
          Dr. Chisolm and Kelsey were ultimately served and answered after the trial
reinstated the case on October 26, 2001. They promptly moved to dismiss for
Williams’s lack of compliance with article 4590i, section 13.01(d). After filing an
amended petition on November 26, 2001, Williams moved to extend the deadline for
filing the expert report. See Tex. Rev. Civ. Stat. art. 4590i, § 13.01(g). The record
on appeal does not contain a copy of Williams’s motion, but the parties agree, and the
record otherwise reflects, that the motion asserted that Williams and his counsel
mistakenly believed that the notice-of-suit letters that Williams’s former counsel sent
to Dr. Chisolm and Kelsey constituted compliance with the expert-report requirement
of article 4590i, section 13.01(d).


 
          The trial court signed an order dismissing Williams’s suit with prejudice on
November 30, 2001, and signed an amended dismissal order on December 31, 2001. 
The trial court filed extensive findings of fact and conclusions of law in response to
Williams’s request, but granted no other relief in response to several motions
Williams filed through existing, and then later substituted, counsel. 
Article 4590i, Section 13.01(g)
          Section 13.01(d) of article 4590i requires that medical-malpractice claimants
file an expert report “[n]ot later than the later of the 180th day after the date on which
a health care liability claim is filed or the last day of any extended period” established
under subsection (f) or (h) of section 13.01. Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(d), (f), (h) (Vernon Supp. 2003). Section 13.01(g) of article 4590i, which 
allows a grace period for filing the expert reports required by section 13.01(d), states:
Notwithstanding any other provision of this section, if a claimant has
failed to comply with a deadline established by Subsection (d) of this
section and after hearing the court finds that the failure of the claimant
or the claimant's attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with
that subsection. A motion by a claimant for relief under this subsection
shall be considered timely if it is filed before any hearing on a motion
by a defendant under Subsection (e) of this section.

Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (Vernon Supp. 2003). 

          A party who does not file an expert report has “failed to comply with a deadline
established by [s]ubsection (d).” Walker v. Gutierrez, 46 Tex. Sup. Ct. J. 812, 814
(June 19, 2003). Because section 13.01(g) applies when a party has failed to comply
with a deadline established by subsection (d), the failure to grant a grace period will
result in the dismissal of the case as a sanction pursuant to section 13.01(e). Walker,
46 Tex. Sup. Ct. J. at 815. Section 13.01(g) requires that the trial court grant the
claimant a 30-day grace period to comply with section 13.01(d) if the failure to file
the required expert report was “not intentional or the result of conscious indifference
but was the result of an accident or mistake.” Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(g). 
Standard of Review
          Walker v. Gutierrez established that we review a section 13.01(g) grace-period
determination under the same abuse-of-discretion standard that governs cases
dismissed as a sanction under section 13.01(e). Walker v. Gutierrez, 46 Tex. Sup. Ct.
J. at 815; see Am. Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001). To establish an abuse of discretion, the challenging party must show that, in
light of all the circumstances of the case, the trial court acted arbitrarily or
unreasonably, without reference to any guiding rules and principles. Walker v.
Gutierrez, 46 Tex. Sup. Ct. J. at 815; Lewis v. Western Waste Indus., 950 S.W.2d 407,
409 (Tex. App.—Houston [1st Dist.] 1997, no pet.). 
          A trial court’s discretionary rulings fall into two categories. See Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (“[The abuse-of-discretion] standard .
. . has different applications in different circumstances.”). A trial court has no
discretion in determining what the law is, which law governs, or how to apply the
law. See id. at 840. Accordingly, we review this type of discretionary determination
de novo. See id.; O.C.S., Inc. v. PI Energy Corp., 24 S.W.3d 548, 551 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). We defer to the trial court’s discretionary
rulings, however, when the trial court resolves issues of fact by assessing the
credibility of witnesses. See Walker v. Packer, 827 S.W.2d at 839-40. When, as here,
the trial court files written findings of fact, these aid our review by revealing the trial
court’s reasoning and analysis and help assure both the reviewing court and the
litigants that the trial court’s decision resulted from thoughtful deliberation. Chrysler
Corp. v. Blackmon, 841 S.W.2d 844, 852 (Tex. 1992). Although we do not afford
these findings the same legal presumptions that control findings filed after a nonjury
trial on the merits, see id., we must nevertheless defer to the trial court’s resolution
of factual matters that underlie its discretionary rulings and therefore may not
substitute our judgment for the trial court’s judgment in those matters. Walker v.
Gutierrez, 46 Tex. Sup. Ct. J. at 815; Walker v. Packer, 827 S.W.2d at 840. 
          As addressed above, article 4590i, section 13.01(g) requires the trial court to
grant the grace period to file an expert report if the trial court determines that the
initial failure to file the report “was not intentional or the result of conscious
indifference but was the result of an accident or mistake.” Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(g). As the supreme court noted in Walker v. Gutierrez, this
“accident or mistake” standard is the same standard that governs setting aside a
default judgment or reinstating a case dismissed for want of prosecution. 46 Tex.
Sup. Ct. J. at 815-16 (citing Bank One Tex., N.A. v. Moody, 830 S.W.2d 81, 84 (Tex.
1992) (default judgment) and Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83
(Tex. 1992) (dismissal for want of prosecution)). Consistent with those cases,
therefore, “some mistakes of law may negate a finding of intentional conduct or
conscious indifference” and thus entitle a medical-malpractice claimant to an article
4590i, section 13.01(g) grace period, but “‘not every act of a defendant that could be
characterized as a mistake of law is a sufficient excuse.’” Walker v. Gutierrez, 46
Tex. Sup. Ct. J. at 816-17.


 
          In determining whether the failure to comply with the statute by filing an expert
report was not due to intentional disregard or conscious indifference but to accident
or mistake, we must look to the knowledge and acts of the claimant, as demonstrated
by the record. Id. at 817. If the record establishes that the claimant’s assertions
supporting a mistake of law are not controverted, the claimant will satisfy his or her
burden, provided, however, that the claimant sets forth facts that, if true, negate
intentional or consciously indifferent conduct. Id.
Analysis
          The parties agree that Williams sought the article 4590i, section 13.01(g) grace
period based on the assertion that he mistakenly believed that he had complied with
the expert-report requirement of article 4590i, section 13.01(d) through the written
notices of intent to sue that Williams sent to Dr. Chisolm and Kelsey, in compliance
with article 4590i, section 4.01(a). See Tex. Rev. Civ. Stat. Ann. art. 4590i, §
4.01(a) (Vernon Supp. 2003). The trial court’s findings include an express finding
that Williams’s asserted mistake for failing to comply with article 4590i, section
13.01(d) was “incredible.” Williams challenges that finding as “an arbitrary act and
done unreasonably without any guiding rules or principles.” Applying the standards
recently announced in Walker v. Gutierrez, we disagree. 
          In challenging the trial court’s finding that his proffered mistake was
“incredible,” Williams ignores the trial court’s 42 other written findings. Several of
these findings are relevant to the trial court’s denying Williams the grace period that
article 4590i, section 13.01(g) authorizes on a showing of lack of conscious
indifference or conscious disregard. These findings include the following: 
(1) at the oral hearing conducted on July 27, 2001, at which both
Williams and his counsel appeared and at which the trial court advised
that Williams’s case was at risk of dismissal for want of prosecution, the
trial court cautioned that Williams had failed to comply with the expert-report requirement, the deadline for which had probably passed; 
 
(2) the trial court’s August 31, 2001 order dismissing Williams’s case
for want of prosecution included a written finding that Williams had
also not satisfied article 4590i, section 13.01(d) by filing an expert
report; 
 
(3) the trial court “did not believe” Williams’s counsel’s proffered
excuse, that “he mistakenly thought” a former attorney had complied
with the expert-report requirement; 
 
(4) “in the unlikely event that [Williams’s] counsel actually did give
himself the unreasonable notion that prior counsel’s notice letters to [Dr.
Chisolm and Kelsey] were a compliance with [article 4590i, section
13.01(d)], then [Williams’s] counsel was disabused of any such notion
on July 27, 2001 when the Court pointed out to him that there was no
compliance . . . .”
 
(5) “[Williams] refused from the time this case was filed to the time this
case was dismissed the second time to comply with [article 4590i,
section 13.01(d)]” and 
 
(6) “[Williams’s] counsel who filed this case refused to concern himself
with [article 4590i, section 13.01(d)] intentionally, and not
accidentally.”

          The trial court’s findings are entitled to deference because they reflect the trial
court’s assessment of the facts offered by Williams’s counsel over the history of the
case, as well as the trial court’s assessment of the credibility of Williams’s counsel
in proffering those facts. See Walker v. Gutierrez, 46 Tex. Sup. Ct. J. at 817.



          Accordingly, after applying the standard established by the supreme court in
Walker v. Gutierrez, we hold that the existing record of this case establishes that the
trial did not abuse its discretion in finding that Williams’s proffered excuse was
incredible, or in finding that Williams’s counsel’s refusal to comply with the expert-report requirement of article 4590i, section 13.01(d) was intentional and not
accidental. Accordingly, the trial court did not abuse its discretion by refusing to
grant Williams the grace period authorized by article 4590i, section 13.01(g) on a
proper showing of a mistake of law or accident. 
          We overrule Williams’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.