Artis WILLIAMS, Appellant,

v.

Olethia E. CHISOLM, M.D. and Kelsey–Seybold Group, Incorrectly Named as Caremark International, Inc. d/b/a Kelsey–Seybold Palm Center Clinic, Appellees.

No. 01–02–00325–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 17, 2003.

Robert T. Wallace, Savvas Harry Stefanides, Houston, TX, for Appellant.

H. Kent Twining, John B. Wallace, Giessel, Barker & Lyman, P.C., Houston, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

Appellant, Artis Williams, sued appellees, Olethia E. Chisolm, M.D., and Kelsey–Seybold Group, incorrectly named as Caremark International, Inc. d/b/a Kelsey–Seybold Palm Center Clinic (Kelsey) for medical malpractice.[1] Williams brings a single issue to challenge the dismissal of his claims with prejudice for failure to comply with article 4590i, section 13.01(d), (e) of the Medical Liability and Insurance Improvement Act. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp. 2003). Williams contends that the trial court abused its discretion by concluding that Williams's failure to comply was intentional or the result of conscious indifference. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.2003). We affirm.

## Background

Williams filed his original petition on January 20, 2001, seeking recovery against Dr. Chisolm and Kelsey based on claims of medical malpractice. The record reflects that Williams appeared with counsel before the trial court on July 27, 2001 and that both were cautioned about several matters including the risk of dismissal of the case for want of prosecution and the failure to comply with article 4590i, section 13.01(d) by filing expert reports. The trial court issued a written notice of intent to dismiss on July 31, 2001. On August 31, 2001, before dismissing the case for want of prosecution, the trial court conducted a second oral hearing at which Williams and his counsel were again reminded of the article 4590i, section 13.01(d) deadline. The dismissal occurred 193 days after Williams filed suit and thus after the 180–day deadline under article 4590i, section 13.01(d) had passed.

Dr. Chisolm and Kelsey were ultimately served and answered after the trial court reinstated the case on October 26, 2001. They promptly moved to dismiss for Williams's lack of compliance with article 4590i, section 13.01(d). After filing an amended petition on November 26, 2001, Williams moved to extend the deadline for filing the expert report. *See* TEX.REV.CIV. STAT. art. 4590i, § 13.01(g). The record on appeal does not contain a copy of Williams's motion, but the parties agree, and the record otherwise reflects, that the motion asserted that Williams and his counsel mistakenly believed that the notice-of-suit letters that Williams's former counsel sent to Dr. Chisolm and Kelsey constituted compliance with the expert-report requirement of article 4590i, section 13.01(d).[2]

The trial court signed an order dismissing Williams's suit with prejudice on No-

---

**1.** The record reflects that Williams also sued Kelsey under several alternative names, including the following: Caremark International, Inc. d/b/a Kelsey–Seybold Palm Center Clinic; Caremark International, Inc., and Caremark International, Inc. d/b/a Kelsey–Seybold Clinic; and Kelsey–Seybold Medical Group, P.A. d/b/a Kelsey–Seybold Clinic. Under the trial court's amended order of dis-

missal, Williams's claims against these alternatively named Kelsey defendants were dismissed with prejudice.

**2.** *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2003) (requiring notice of suit by certified mail, return receipt requested "at least 60 days" before filing suit).

vember 30, 2001, and signed an amended dismissal order on December 31, 2001. The trial court filed extensive findings of fact and conclusions of law in response to Williams's request, but granted no other relief in response to several motions Williams filed through existing, and then later substituted, counsel.

### Article 4590i, Section 13.01(g)

Section 13.01(d) of article 4590i requires that medical-malpractice claimants file an expert report "[n]ot later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period" established under subsection (f) or (h) of section 13.01. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d), (f), (h) (Vernon Supp.2003). Section 13.01(g) of article 4590i, which allows a grace period for filing the expert reports required by section 13.01(d), states:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.2003).

A party who does not file an expert report has "failed to comply with a deadline established by [s]ubsection (d)." *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. 812, 814, 111 S.W.3d 56, 61 (2003). Be-cause section 13.01(g) applies when a party has failed to comply with a deadline established by subsection (d), the failure to grant a grace period will result in the dismissal of the case as a sanction pursuant to section 13.01(e). *Walker,* 46 Tex. Sup.Ct. J. at 815, 111 S.W.3d at 62. Section 13.01(g) requires that the trial court grant the claimant a 30–day grace period to comply with section 13.01(d) if the failure to file the required expert report was "not intentional or the result of conscious indifference but was the result of an accident or mistake." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g).

### Standard of Review

*Walker v. Gutierrez* established that we review a section 13.01(g) grace-period determination under the same abuse-of-discretion standard that governs cases dismissed as a sanction under section 13.01(e). *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 815, 111 S.W.3d at 62; *see Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001). To establish an abuse of discretion, the challenging party must show that, in light of all the circumstances of the case, the trial court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 815, 111 S.W.3d at 62; *Lewis v. Western Waste Indus.,* 950 S.W.2d 407, 409 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

A trial court's discretionary rulings fall into two categories. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) ("[The abuse-of-discretion] standard ... has different applications in different circumstances."). A trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *See id.* at 840. Accordingly, we review this type of discretionary determina-

tion de novo. *See id.; O.C.S., Inc. v. PI Energy Corp.,* 24 S.W.3d 548, 551 (Tex. App.-Houston [1st Dist.] 2000, no pet.). We defer to the trial court's discretionary rulings, however, when the trial court resolves issues of fact by assessing the credibility of witnesses. *See Walker v. Packer,* 827 S.W.2d at 839–40. When, as here, the trial court files written findings of fact, these aid our review by revealing the trial court's reasoning and analysis and help assure both the reviewing court and the litigants that the trial court's decision resulted from thoughtful deliberation. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992). Although we do not afford these findings the same legal presumptions that control findings filed after a nonjury trial on the merits, *see id.,* we must nevertheless defer to the trial court's resolution of factual matters that underlie its discretionary rulings and therefore may not substitute our judgment for the trial court's judgment in those matters. *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 815, 111 S.W.3d at 62; *Walker v. Packer,* 827 S.W.2d at 840.

■ As addressed above, article 4590i, section 13.01(g) requires the trial court to grant the grace period to file an expert report if the trial court determines that the initial failure to file the report "was not intentional or the result of conscious indifference but was the result of an accident or mistake." Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(g). As the supreme court noted in *Walker v. Gutierrez,* this "accident or mistake" standard is the same standard that governs setting aside a default judgment or reinstating a case dismissed for want of prosecution. 46 Tex. Sup.Ct. J. at 815–16, 111 S.W.3d at 63 (citing *Bank One Tex., N.A. v. Moody,* 830 S.W.2d 81, 84 (Tex.1992) (default judgment) and *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992) (dismissal for want of prosecution)). Consistent with those cases, therefore, "some mistakes of law may negate a finding of intentional conduct or conscious indifference" and thus entitle a medical-malpractice claimant to an article 4590i, section 13.01(g) grace period, but " 'not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse.' " *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 816–17, 111 S.W.3d at 64.[3]

■ In determining whether the failure to comply with the statute by filing an expert report was not due to intentional disregard or conscious indifference but to accident or mistake, we must look to the knowledge and acts of the claimant, as demonstrated by the record. *Id.* at 817, 111 S.W.3d at 64. If the record establishes that the claimant's assertions supporting a mistake of law are not controverted, the claimant will satisfy his or her

---

**3.** In adopting this standard, the supreme court rejected two lines of cases decided by our sister courts. The supreme court interpreted one line of cases as "appear[ing] to hold that any mistake of law will suffice to negate conscious indifference or intentional conduct" and entitle the claimant to the grace period. *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 816, 111 S.W.3d at 63 (citing *In re Rodriguez,* 99 S.W.3d 825, 829 (Tex.App.-Amarillo 2003, orig. proceeding); *Whitworth v. Blumenthal,* 59 S.W.3d 393, 401–02 (Tex.App.-Dallas 2001, pet. dism'd by agr.); *Roberts v. Med. City Dallas Hosp., Inc.,* 988 S.W.2d 398, 403–04 (Tex.App.-Texarkana 1999, pet. denied)). The second line of cases held that, to warrant the grace period, an accident or mistake was one " 'characterized by a person's inadequate knowledge of the facts or an unexpected happening that precludes compliance with the statute.' " *Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 816, 111 S.W.3d at 64 (citing *Nguyen v. Kim,* 3 S.W.3d 146, 152 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *DeLeon v. Vela,* 70 S.W.3d 194, 200–01 (Tex. App.-San Antonio 2001, pet. denied); *Finley v. Steenkamp,* 19 S.W.3d 533, 539 (Tex.App.-Fort Worth 2000, no pet.)).

burden, provided, however, that the claimant sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Id.*

### Analysis

 The parties agree that Williams sought the article 4590i, section 13.01(g) grace period based on the assertion that he mistakenly believed that he had complied with the expert-report requirement of article 4590i, section 13.01(d) through the written notices of intent to sue that Williams sent to Dr. Chisolm and Kelsey, in compliance with article 4590i, section 4.01(a). *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2003). The trial court's findings include an express finding that Williams's asserted mistake for failing to comply with article 4590i, section 13.01(d) was "incredible." Williams challenges that finding as "an arbitrary act and done unreasonably without any guiding rules or principles." Applying the standards recently announced in *Walker v. Gutierrez,* we disagree.

In challenging the trial court's finding that his proffered mistake was "incredible," Williams ignores the trial court's 42 other written findings. Several of these findings are relevant to the trial court's denying Williams the grace period that article 4590i, section 13.01(g) authorizes on a showing of lack of conscious indifference or conscious disregard. These findings include the following:

(1) at the oral hearing conducted on July 27, 2001, at which both Williams and his counsel appeared and at which the trial court advised that Williams's case was at risk of dismissal for want of prosecution, the trial court cautioned that Williams had failed to comply with the expert-report requirement, the deadline for which had probably passed;

(2) the trial court's August 31, 2001 order dismissing Williams's case for want of prosecution included a written finding that Williams had also not satisfied article 4590i, section 13.01(d) by filing an expert report;

(3) the trial court "did not believe" Williams's counsel's proffered excuse, that "he mistakenly thought" a former attorney had complied with the expert-report requirement;

(4) "in the unlikely event that [Williams's] counsel actually did give himself the unreasonable notion that prior counsel's notice letters to [Dr. Chisolm and Kelsey] were a compliance with [article 4590i, section 13.01(d)], then [Williams's] counsel was disabused of any such notion on July 27, 2001 when the Court pointed out to him that there was no compliance...."

(5) "[Williams] refused from the time this case was filed to the time this case was dismissed the second time to comply with [article 4590i, section 13.01(d)]" and

(6) "[Williams's] counsel who filed this case refused to concern himself with [article 4590i, section 13.01(d)] intentionally, and not accidentally."

 The trial court's findings are entitled to deference because they reflect the trial court's assessment of the facts offered by Williams's counsel over the history of the case, as well as the trial court's assessment of the credibility of Williams's counsel in proffering those facts. *See Walker v. Gutierrez,* 46 Tex. Sup.Ct. J. at 817, 111 S.W.3d at 64–65.[4]

---

4. Williams filed a reply brief to which he attached several documents allegedly provided to the trial court through substituted counsel, who filed several post-dismissal motions on Williams's behalf after Williams discharged his former counsel. These docu-

Accordingly, after applying the standard established by the supreme court in *Walker v. Gutierrez*, we hold that the existing record of this case establishes that the trial did not abuse its discretion in finding that Williams's proffered excuse was incredible, or in finding that Williams's counsel's refusal to comply with the expert-report requirement of article 4590i, section 13.01(d) was intentional and not accidental. Accordingly, the trial court did not abuse its discretion by refusing to grant Williams the grace period authorized by article 4590i, section 13.01(g) on a proper showing of a mistake of law or accident.

We overrule Williams's sole point of error.

### Conclusion

We affirm the judgment of the trial court.

ments, however, are not part of the record on appeal and were not before the trial court when it entered the ruling Williams challenges in this appeal. Accordingly, we decline to consider these documents. *E.g., Reeves v. Houston Lighting & Power Co.,* 4 S.W.3d 374, 378 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).