Opinion issued October 27, 2005
     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00442-CV




ROSE ANN VINSON AND JOHN VINSON, Appellants

V.

RICK G. LORENTZ, M.D., Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2003-20340




MEMORANDUM OPINION

          This is a medical malpractice case. Appellants, Rose Ann (Rose) and John
Vinson (the Vinsons), challenge the trial court’s dismissal with prejudice of their
claims against appellee, Rick G. Lorentz, M.D., for noncompliance with former
article 4590i, section 13.01(d) of the Medical Liability and Insurance Improvement
Act, which required them to file an expert report within 180 days of filing suit.


 The
Vinsons present two points of error. They first contend that they complied with
section 13.01(d) of former article 4590i because, within the 180-day period, they
identified two physicians as experts and also provided deposition testimony by those
physicians that satisfied the necessary elements of the report requirement. The
Vinsons alternatively claim that the trial court erred by denying the statutory grace
period authorized by former article 4590i, section 13.01(g). See former Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(g).


 We affirm.
Factual Background and Procedural History
          In August 1999, Richard Alford, M.D., performed a Nissen Fundoplication
Anti-Reflux procedure (Nissen) on Rose. Lorentz was an associate of Alford and
assisted in the surgery. Rose suffered complications after the surgery and eventually
underwent a Nissen reversal surgery in February 2001. Lorentz, who had left
Alford’s practice by then, performed the Nissen reversal. During the surgery, Lorentz
removed Rose’s stomach. 
          The Vinsons initially sued Alford for medical malpractice arising from the
1999 Nissen surgery and had designated Lorentz as an expert witness who would
testify that defects in Alford’s surgery necessitated the Nissen reversal surgery. 
During the discovery process, depositions taken from Alford and Deborah
Crumbaker, M.D., who conducted a postoperative pathology after the Nissen reversal,
prompted the Vinsons to file suit against Lorentz on April 17, 2003. Their pleadings
allege that Lorentz committed medical malpractice by severing Rose’s right gastric
artery during the Nissen reversal and that this malpractice resulted in his removing
her entire stomach without her consent. 
          On February 24, 2004, almost 10 months after the Vinsons filed suit, Lorentz
moved to dismiss their claims with prejudice pursuant to section 13.01(d) and (e) of
former article 4590i, because the Vinsons had not filed the expert report required by
the statute. Lorentz set the motion for a hearing on March 26, 2004. Three days later,
by correspondence dated February 27, 2004, the Vinsons’ counsel forwarded the
complete depositions and curriculum vitae of Alford and Crumbaker, which he
referred to as “reports/depositions” in “compliance with section 13.01 of former
article 4590i.” In the same letter, the Vinsons’ counsel (1) stated his mistaken
impression that copies of the depositions of Alford and Crumbaker were already in
Lorentz’s counsel’s possession, (2) explained that he had not provided the copies
earlier for that reason, and (3) asked whether Lorentz’s counsel would consider
passing the motion to dismiss. 
          Four days before the hearing on the motion to dismiss, on March 22, 2004, the
Vinsons filed a formal response to the motion in which they argued that Lorentz was
timely aware, through deposition testimony, notice from the Vinsons, telephone
conferences with Lorentz’s counsel, the Vinsons’ response to Lorentz’s motion to
transfer venue,


 and a response to a Lorentz interrogatory, all of which occurred
within 180 days of their filing suit, that the Vinsons would rely on Alford and
Crumbaker concerning Lorentz’s noncompliance with standards of care. The Vinsons
alternatively requested a 30-day grace period to comply with the expert-report
requirement, pursuant to section 13.01(g) of former article 4590i. Lorentz filed a
response that same day, to which he attached a copy of the February 27, 2004 letter
from the Vinsons’ counsel, which forwarded the copies of the Alford and Crumbaker
depositions in attempted compliance with section 13.01(d) of article 4590i. 
          After conducting the March 26, 2004 hearing, the trial court granted Lorentz’s
motion on March 29, 2004, by dismissing the Vinsons’ claims with prejudice.
Standard of Review
          On review of dismissal of a medical malpractice claim with prejudice for
noncompliance with the expert-report filing provision of section 13.01(d) of former
article 4590i, the dispositive question is whether the trial court abused the discretion
vested in it by the Legislature pursuant to former article 4590i, section 13.01(e). See
Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003); Am. Transitional Care Ctrs. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Williams v Chisolm, 111 S.W.3d 811, 814
(Tex. App.—Houston [1st Dist.] 2003, no pet.); Strom v. Mem’l Hermann Hosp. Sys.,
110 S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The same
standard governs review of rulings that deny the 30-day grace period under section
13.01(g) of former article 4590i. Walker, 111 S.W.3d at 62; Williams, 111 S.W.3d
at 814. 
          An abuse of discretion occurs when the trial court acts arbitrarily or
unreasonably and without reference to any guiding rules or principles. See Walker,
111 S.W.3d at 62; Williams, 111 S.W.3d at 814. The abuse-of-discretion standard has
different applications in different circumstances. See Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992). Because a trial court has no discretion in determining what the
law is, which law governs, or how to apply the law, we review these types of
discretionary rulings de novo. See id. at 840; Williams, 111 S.W.3d at 814-15. In
contrast, when we review a trial court’s resolution of factual matters that underlie its
discretionary rulings, we must defer to the trial’s factual resolutions, as well as any
credibility determinations that possibly affected those resolutions, and may not
substitute our judgment for its judgment. See Walker, 111 S.W.3d at 62; Walker, 827
S.W.2d at 840; Williams, 111 S.W.3d at 815. Timely Compliance with Former Article 4590i, Section 13.01(d) and (r)(6)
          In their first point of error, appellants contend that the trial court erred by
dismissing their case with prejudice because they timely complied with the
requirement to furnish the expert reports required by former article 4590i, section
13.01(d) through discovery and other communications to Lorentz’s counsel. Former
section 13.01(d)(1)–(2) required a medical-malpractice claimant to “furnish to
counsel for each physician or health care provider one or more expert reports, with
a curriculum vitae of each expert listed in the report” no later than the later of 180
days after filing of a health-care liability claim or the last day of any extended period
under subsection (f) or (h) of section 13.01. See Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(d)(1)–(2), (f), (h) (current version at Tex. Civ. Prac. & Rem. Code
Ann. § 75.351(a), (c) (Vernon 2005). Because the Vinsons filed their lawsuit against
Lorentz on April 17, 2003, and no extended periods apply, their section 13.01(d)
deadline was October 16, 2003. See Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(d)(1)–(2) (repealed 2003).
          It is undisputed, and the record reflects, that the Vinsons did not provide a
formally entitled section 13.01(d) “expert report” or any report to Lorentz by October
16, 2003. In addition, nothing in the record before us shows that the Vinsons referred
to article 4590i’s expert-report requirement in any respect before February 27, 2004. 
Accordingly, we construe their point of error as contending that other documents they
provided to Lorentz show compliance with section 13.01(d) and effectively satisfied
the statutory requirements. 
          Section 13.01(r)(6), defines “expert report” as a written report that
provides a fair summary of the expert’s opinions as of the date of the
report regarding applicable standards of care, the manner in which the
care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury,
harm, or damages claimed. 
 
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6) (current version at Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon 2005)). On considering a motion
to dismiss under former article 4590i, section 13.01(l) on the grounds that a report
submitted to comply with the statute does not meet the statutory requirements, the trial
court must decide whether the report represents a good-faith effort to comply with the
section 13.01(r)(6) definition.


 Bowie Mem’l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002). To comply with the statute, the report must provide (1) enough information to
inform the defendant of the specific conduct that the plaintiff has called into question,
and (2) a basis on which the trial court can conclude that the plaintiff’s claims have
merit. Id.; Palacios, 46 S.W.3d at 879. We apply these standards in determining
whether the Vinsons’ “substantial compliance” documents met the section 13.01(r)(6)
definition. 
          The Vinsons do not dispute the requirements of section 13.01(d) and (r)(6), but
contend that (1) their reliance on Alford and Crumbaker as experts was clear from
their responses to interrogatories and that (2) deposition testimony by both Alford and
Crumbaker demonstrated that the Vinsons complied with the requisites of subsections
(d) and (r)(6). The Vinsons emphasize that Bowie rejects any requirement that an
expert employ “magical words” to comply with the statute. See Bowie, 79 S.W.3d at
53. From this, they reason that documents they provided to Lorentz, together with
their contacts with his counsel, contained not only sufficient information to inform
Lorentz of the specific conduct that the Vinsons had called into question, but also a
basis on which the trial court could conclude that their claims had merit. See id. at 52;
Palacios, 46 S.W.3d at 879. We disagree.
          In support of their argument, the Vinsons emphasize that they had previously
identified Alford and Crumbaker in interrogatories as experts who would testify on the
standard of care. Although the Vinsons provided this information within the 180-day
period for timely filing, nothing in the record suggests or supports an inference that
they provided the information to comply with article 4590i. Instead, the Vinsons
provided the information in support of their response to Lorentz’s motion to transfer
venue. Moreover, merely identifying an expert and stating that the expert will testify
on the standard of care falls far short of satisfying either subsection (d) or subsection
(r)(6) of former article 4590i. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d),
(r)(6) (repealed 2003). 
          In support of their timeliness argument, the Vinsons’ brief also refers us to
portions of the depositions of both Alford and Crumbaker. But, the Vinsons’ own
evidence is conflicting with regard to when they provided Lorentz with the complete
depositions of Alford and Crumbaker that contain the portions to which they refer us
here. In paragraph eight of the affidavit he executed on March 22, 2004 in support of
the Vinsons’ response to Lorentz’s motion to dismiss, Vinsons’ counsel states that
Alford’s and Crumbaker’s depositions, which he described as “transcribed opinions,”
were provided, with notice of the Vinsons’ reliance on them, to Lorentz and his
counsel within the 180-day deadline. But, nothing in the record other than this
affidavit supports that contention. Moreover, in earlier correspondence enclosing the
complete depositions, dated February 27, 2004 and directed to Lorentz’s counsel just
three days after Lorentz moved to dismiss (and thus long after the 180-day deadline
had passed), the Vinsons’ counsel not only referred to his “mistaken impression,” that
the complete depositions were already in Lorentz’s possession, but also explained that
he did not provided the complete depositions earlier for that reason. Finally, this
February 27, 2004 correspondence from the Vinsons’ counsel, which refers to the
complete depositions as “reports/depositions and curriculum vitaes” offered in
compliance with article 4590i, is the first reference in the sequence of this case to the
expert-report requirement of article 4590i. The task of determining whether the
Vinsons’ counsel provided the complete depositions timely, as he stated on March 22,
2004, or did not provide them, as he stated on February 27, 2004, fell to the trial-court
judge as the determiner of the facts underlying Lorentz’s motion to dismiss. See
Williams, 111 S.W.3d at 815. 
          Because the standard of review demands that we defer to the trial court’s
resolution of underlying facts, see id., we cannot say that the trial court abused its
discretion by reconciling the statements by Vinsons’ counsel in his March 22, 2004
affidavit and his letter of February 27, 2004 to find that the Vinsons’ first attempt to
comply with the expert-report requirements of former article 4590i, sections 13.01(d)
and (r)(6) occurred on February 27, 2004, and thus long after the 180-day deadline. 
In addition to predating counsel’s March 22, 2004 affidavit, the February 27, 2004
correspondence contains the Vinsons’ first reference, demonstrated by the record, to
the expert-report requirements of former article 4590i, sections 13.01(d) and (r)(6).
Even if the Vinsons’ counsel had relied on a mistaken impression that the complete
depositions were in Lorentz’s possession earlier, nothing in the record shows that the
Vinsons had ever indicated to Lorentz their reliance on the depositions to fulfill the
expert-report requirement of article 4590i, sections 13.01(d) and (r)(6). We hold,
therefore, that the record supports the trial court’s implied finding that the deposition
excerpts on which the Vinsons rely to demonstrate compliance with the expert-report
requirement of section 13.01(d) of former article 4590i were not furnished within the
180-day deadline of that statute. 
          The only deposition excerpts furnished by the Vinsons before the 180-day
deadline were those attached to their response to Lorentz’s motion to transfer. These
excerpts consisted of several portions of Lorentz’s own deposition and two pages from
Crumbaker’s deposition. Because these deposition excerpts were provided solely in
opposition to Lorentz’s motion to transfer, the record does not support that the
Vinsons offered either excerpt in an attempt to satisfy the expert-report requirement. 
          With respect to the excerpts from Lorentz’s own deposition, we need not decide
to what extent, if any, the Vinsons could rely on them to satisfy the expert report
requirement of section 13.01(d), because the excerpts do not track the elements
required by section 13.01(r)(6) or provide the information required by the statute,
despite containing Lorentz’s admission that he removed Rose’s stomach. Similarly,
in the two pages provided from Crumbaker’s deposition, Crumbaker states only her
opinion that Lorentz’s surgery lacked “pathological justification” beyond “acute
inflammation.” Because Crumbaker’s two-page excerpt states only that bare legal
conclusion and does not encompass the elements required by former article 4590i,
section 13.01(r)(6), see Palacios, 46 S.W.3d at 879, we need not decide whether her
deposition testimony could suffice to satisfy the expert-report requirement. 
Crumbaker did not identify Lorentz by name; nor define a standard of care, by stating
what an ordinary, prudent physician would have done under the same or similar
circumstances; nor define how Lorentz breached the standard, by stating what he
should have done differently; nor any causal relationship between the alleged breach
and the harm or damages, as expressed in terms of reasonable medical probability. See
Bowie, 79 S.W.3d at 53; Palacios, 46 S.W.3d at 880; Wood v. Tice, 988 S.W.2d 829,
832 (Tex. App.—San Antonio 1999, pet. denied). 
          Even if we were to consider the untimely filed, full depositions of Alford and
Crumbaker, offered in opposition to Lorentz’s motion to dismiss for a 30-day grace
period, this testimony is similarly defective in establishing compliance with the
requirements of section 13.01(r)(6). See Bowie, 79 S.W.3d at 53; Palacios, 46 S.W.3d
at 880. In his deposition, Alford generally asserted that Lorentz was responsible for
Rose’s complaints against Alford, that “some peer review issues” arose at the hospital
where Lorentz performed the reverse Nissen on Rose, and that Lorentz might have had
personal reasons for describing the Nissen that Alford performed on Rose as a
“botched operation.” Alford also stated his opinion that “it was inappropriate for
[Lorentz] to initiate reversal of [Rose’s] antireflux procedure,” and that Lorentz’s
Nissen reversal surgery was performed “for inappropriate reasons.” Alford did not,
however, address the appropriate course of care for someone who was experiencing
continuing, post-Nissen surgery problems like Rose’s problems. When asked whether
Alford thought Lorentz had conducted some “inappropriate treatment” of the patient,
Alford offered his opinion that Lorentz had “contributed” to her problem. But, this
statement suggests, at the most, that Lorentz might have played a role in Rose’s
complaints and thus falls short of stating a causal link between those complaints and
Lorentz’s Nissen reversal. Crumbaker’s deposition testimony is similarly deficient
because it refers only generally to her perceived lack of pathological basis for
Lorentz’s removing Rose’s stomach. Neither Alford nor Crumbaker addresses the
requisite elements of standard of care, breach, and causal connection between the
asserted breach and the Vinsons’ claimed damages. 
          Moreover, as in Wood v. Tice, in which the appealing party also relied on
deposition testimony as complying with former article 4590i’s expert-report
requirement, the record demonstrates that neither the deposition excerpts initially
offered in opposition to Lorentz’s motion to transfer, nor the untimely filed, complete
depositions of Alford and Crumbaker, is accompanied by the required copy of the
curriculum vitae of the deposed expert. See Wood, 988 S.W.2d at 832. 
          For these reasons, we conclude that the trial court did not abuse its discretion
by dismissing the Vinsons’ claims against Lorentz with prejudice, pursuant to
subsection (e) of former article 4590i, section 13.01, which mandated dismissal with
prejudice because the Vinsons did not comply timely with the expert-report
requirement of subsection (d) of that statute. See Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(d),(e) (repealed 2003).
          We overrule the Vinsons’ first point of error. 
4590i, Section 13.01(g)
          In their second point of error, appellants contend that the trial court erred by
refusing to grant their request for the statutory grace period, when their failure to
comply with section 13.01 of former article 4590i was the result of an accident or
mistake, rather than intentional or consciously indifferent conduct. Section 13.01(g),
which allowed a grace period for filing the expert reports required by section 13.01(d),
states as follows:
Notwithstanding any other provision of this section, if a claimant has failed to
comply with a deadline established by Subsection (d) of this section and after
hearing the court finds that the failure of the claimant or the claimant’s attorney
was not intentional or the result of conscious indifference but was the result of
an accident or mistake, the court shall grant the grace period of 30 days to
permit the claimant to comply with that subsection. A motion by a claimant for
relief under this subsection shall be considered timely if it is filed before any
hearing on a motion by a defendant under Subsection (e) of this section.


 
 
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (repealed 2003). A party who does
not file an expert report has “failed to comply with a deadline established by
[s]ubsection (d).” Walker, 111 S.W.3d at 61; Williams, 111 S.W.3d at 814. Because
section 13.01(g) applies when a party has failed to comply with a deadline established
by subsection (d), the failure to grant a grace period will result in the dismissal of the
case as a sanction pursuant to section 13.01(e). Walker, 111 S.W.3d at 62; Williams,
111 S.W.3d at 814.


 
          Section 13.01(g) required that the trial court grant the claimant a 30-day grace
period to comply with section 13.01(d) if the failure to file the required expert report
was “not intentional or the result of conscious indifference but was the result of an
accident or mistake.” See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (repealed
2003). The “accident or mistake” standard for the granting of a section 13.01(g) grace
period mirrors the standard that also controls setting aside a default judgment or
reinstating a case dismissed for want of prosecution. Walker, 111 S.W.3d at 63;
Williams, 111 S.W.3d at 815. 
          In assessing the trial court’s determination on this issue, we examine the
knowledge and acts of the claimant or the attorney, as demonstrated by the record. 
Walker, 111 S.W.3d at 64; Williams, 111 S.W.3d at 815. If the party claiming
accident or mistake states facts that, if true, negate intentional or consciously
indifferent conduct, and if those factual assertions are not controverted, then the
claimant has satisfied section 13.01(g) and is entitled to the 30-day grace period. 
Walker, 111 S.W.3d at 64; Williams, 111 S.W.3d at 815–16. 
          The supreme court has stated that section 13.01 of former article 4590i “clearly
delineates the requirements for an expert report,” and that parties are charged with
knowledge of the statute and its requirements. Walker, 111 S.W.3d at 63–64. 
Accordingly, when a report filed in attempted compliance with section 13.01(d) omits
one or more of the elements required by section 13.01(r)(6), claimants who assert a
mistaken belief that a report complies with the statute do not satisfy the “mistake of
law” standard required by section 13.01(g) to warrant the statutory 30-day grace
period. See id. at 64–65 (noting that report omitted elements). 
          As addressed above, neither the preliminary deposition excerpts offered by the
Vinsons in opposition to Lorentz’s motion to transfer venue, nor the late-furnished full
depositions of Alford and Crumbaker, supplied the elements plainly required by
section 13.01(r)(6). Moreover, the Vinsons never supplied the curriculum vitae of
either claimed expert, which the statute plainly requires. Accordingly, we reject the
Vinsons’ contention that their mistaken belief that they had complied with section
13.01(r)(6) warranted their requested 30-day grace period to comply with former
article 4590i’s requirements. See Walker, 111 S.W.3d at 64-65.
          The Vinsons’ second point of error can also be construed as contending that
their failure to comply timely with the expert-report requirements was accidental
because of their counsel’s “mistaken impression” that the complete depositions of
Alford and Crumbaker were in Lorentz’s counsel’s possession before Lorentz filed the
motion to dismiss. As addressed above, there are conflicting versions of this
“mistake,” which the trial court properly resolved in the fact-finding dimension of its
discretionary role. See Williams, 111 S.W.3d at 815. But, even if both complete
depositions were in Lorentz’s possession within the section 13.01(d) deadline, nothing
in the record shows or suggests that the Vinsons had conveyed or suggested, before
the 180-day statutory deadline had expired, that they would rely on either to comply
with the expert-report requirements of former article 4590i. 
          Because the Vinsons did not satisfy the criteria to warrant the 30-day grace
period to file expert reports pursuant to former article 4590i, section 13.01(g), we
conclude that the trial court did not abuse its discretion by impliedly denying their
request by dismissing their claims against Lorentz with prejudice pursuant to
subsection (d) of that statute. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d),
(g) (repealed 2003).
          We overrule the Vinsons’ second point of error. 
 

Conclusion
          We affirm the judgment of the trial court. We deny all pending motions.
 
 
 
                                                             Elsa Alcala
                                                             Justice 
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.