**Opinion issued March 19, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00384-CV

———————————

## JOHN MASON D/B/A BIG JOHN'S AUTOMOTIVE SERVICE, Appellant

## V.

## LARRY HARPER, Appellee

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Case No. 2009-53825

## MEMORANDUM OPINION

John Mason d/b/a Big John's Automotive Service appeals the trial court's

judgment awarding damages and attorney's fees to Larry Harper. Harper sued

Mason, asserting Mason had violated the DTPA. After a bench trial, the trial court

rendered judgment for Harper against Mason for $7,000 in damages and $4,950 in attorney's fees. On appeal, Mason contends that the trial court lacked jurisdiction. We affirm.

**Background**

According to Harper's original petition,[1] Harper took his car to Mason's repair shop and authorized Mason to replace the shock absorbers and perform an alignment. Mason estimated the work would cost $1,000. Harper alleged that, when he attempted to reclaim his car, Mason asserted that the repairs cost $7,000 and refused to return the car until he was paid that amount. Mason placed a mechanic's lien on the vehicle, eventually selling it.

In his appellant's brief, Mason contends that Harper authorized approximately $7,000 in repairs but later refused to not pay for the repairs because he was going through a divorce. Harper's ex-wife subsequently attempted to claim the car, showing Mason a final decree of divorce in which the trial court awarded her the car as her separate property. When Harper's ex-wife refused to pay for the repairs, Mason foreclosed on the lien, selling the car to cover the cost of repairs.

The trial court conducted a bench trial, rendering judgment in Harper's favor. Mason timely appealed. Mason, however, never made arrangements to pay for the reporter's record of the trial. After being notified by this court of his

---

[1] As discussed more fully below, Mason did not arrange for the filing of the reporter's record in this case.

responsibility to pay for the reporter's record, Mason failed to do so. Accordingly, this court notified the parties that it would consider and decide those issues that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c). Mason filed his appellant's brief, but still has not paid for the reporter's record.

## Standing

In three issues, Mason contends that the trial court lacked jurisdiction over this suit because Harper did not have standing to seek damages for the car. Specifically, Mason argues that Harper had no ownership interest in the car, because it was awarded to his wife in the divorce proceedings.

Standing is a component of subject-matter jurisdiction. *Scarbrough v. Metro. Transit Auth. of Harris Cnty.*, 326 S.W.3d 324, 331 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993)). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). Because standing relates to subject-matter jurisdiction, it cannot be waived and may be raised for the first time on appeal. *Scarbrough*, 326 S.W.3d at 331 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–45). We review standing under the same standard by which we review subject-matter

3

jurisdiction—as a question of law, which we review de novo. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

A challenge to standing is typically raised in a plea to the jurisdiction before the trial court. *Green Tree Servicing, LLC v. Woods*, 288 s.w.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001) (holding "[b]ecause standing is a component of subject matter jurisdiction, we consider [the plaintiff's] standing as we would a plea to the jurisdiction")). Where, as here, we are considering standing for the first time on appeal rather than reviewing a trial court's decision on standing, we "must construe the petition in favor of the party [who is asserting standing], and if necessary, review the entire record to determine if any evidence supports standing." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

In this case, we cannot review the entire record. Mason—despite notice from this court, *see* TEX R. APP. P. 37.3(c)—failed to pay for the reporter's record, and it was never filed. "It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (stating that burden is on appellant to present sufficient record to show error requiring

4

reversal)).  Where there is no reporter's record and no findings of fact, we will presume the trial court heard sufficient evidence to make all necessary findings in support of the judgment.  *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Bryant v. United Shortline, Inc. Assurance Servs. N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("When there is no reporter's record, we indulge every presumption in favor of the trial court's findings."); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 317 (Tex. App.—Houston. [1st Dist.] 2006, no pet.) (citing *Bryant*, 972 S.W.2d at 31); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order.").

Here, the trial court's judgment states, "The court determined that it had jurisdiction over the subject matter and the parties to this proceeding."  Mason did not timely request findings of fact.  Because there is no reporter's record and no findings of fact, we must presume the trial court heard evidence that supports its finding and its judgment.[2]  *See, e.g.*, *Vickery*, 5 S.W.3d at 251.  Accordingly, we must overrule Mason's three issues challenging Harper's standing.

---

[2]     We note that Mason attached to his brief a document that he asserts is a copy of Harper's final decree of divorce, awarding the car at issue to Harper's ex-wife. The final decree of divorce, however, is not part of the record.  We, therefore, may

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

---

not consider it. *Williams v. Chisolm*, 111 S.W.3d 811, 816 n.4 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Reeves v. Houston Lighting & Power Co.*, 4 S.W.3d 374, 378 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).