# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00384-CV

---

**Michael V. Wright and Phyllis F. Wright, Appellants**

**v.**

**State Farm Lloyds, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 15-1042-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Michael V. Wright and Phyllis F. Wright, husband and wife, sued State Farm Lloyds in 2015 for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and conversion stemming from two fires, one in 2013 and the other in 2015, at the Wrights' residence in Austin. The trial court granted State Farm's Amended Motion for Sanctions and dismissed the Wrights' causes of action with prejudice for discovery abuse. The Wrights perfected this appeal. We affirm.

### Factual and Procedural Background

The Wrights' suit against State Farm alleged that a fire had damaged their residence in 2013 and that they had homeowners insurance through State Farm. The suit alleged that although State Farm had paid the policy limit for structural repairs after the 2013 fire, it had

failed to pay for certain "code compliance related repairs," which amounted to $21,250. The Wrights later added additional claims for damages related to a 2015 fire at the same residence. State Farm's affirmative defenses included an allegation that the Wrights had intentionally set the fires.

During the course of the litigation, State Farm directed numerous discovery requests to the Wrights seeking certain of their financial records in connection with its affirmative defense of arson. The Wrights repeatedly failed to produce the requested documents, claiming that all such records had been destroyed in the fires. When State Farm sought to obtain the records from the Wrights' banks and credit-card issuers, the Wrights refused to sign the necessary authorization forms. Initially the trial court issued an order abating the Wrights' action until they produced the requested documents and information. The court later extended the abatement due to the Wrights' failure to comply with its earlier order. The court subsequently lifted the abatement to allow State Farm to seek judicial remedies for the Wrights' failure to comply with the two earlier orders. The court then granted State Farm's motion to compel, ordering the Wrights to comply with State Farm's discovery requests. Three days before a scheduled hearing on State Farm's motion for summary judgment and sanctions, the Wrights nonsuited their claims related to the 2015 fire but later refiled the same suit. The trial court consolidated the two suits.

In June 2017 the court ordered the Wrights to produce documents regarding additional living expenses incurred in connection with the 2013 fire that were not paid by State Farm. When the Wrights failed to produce those documents, the court sanctioned them by denying them a right to an independent appraisal for such additional living expenses. When the Wrights filed objections to State Farm's discovery requests, the trial court overruled the

2

objections and ordered them to produce all requested documents. After the Wrights again failed to produce the documents, State Farm filed its Amended Motion for Sanctions seeking dismissal of the Wrights' claims. The trial court granted State Farm's motion and dismissed all of the Wrights' claims with prejudice. The Wrights perfected this appeal. We affirm.

## Discussion

### *Preservation of Error*

As a preliminary matter, State Farm argues that the Wrights failed to preserve error regarding the trial court's imposition of death-penalty sanctions because they failed to file a motion for new trial or similar motion complaining of the dismissal. We disagree.

Rule 33.1 of the Texas Rules of Appellate Procedure provides:

(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:
    (1) the complaint was made to the trial court by a timely request, objection, or motion that:
        (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
        (B) complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and
    (2) the trial court:
        (A) ruled on the request, objection, or motion, either expressly or implicitly

Tex. R. App. P. 33.1(a).

In the present case, State Farm sought death-penalty sanctions against the Wrights based on alleged discovery abuse. The trial court's judgment refers to "Defendant State Farm Lloyds' Amended Motion for Sanctions," although that specific document does not appear in the appellate record. If the Wrights filed a written response to that motion, it likewise does not appear in the record. Nor does it appear that the Wrights filed a motion for new trial or other post-judgment motion. During the trial court's evidentiary hearing on State Farm's motion for

3

sanctions, however, the Wrights' counsel argued that their case should not be dismissed because the Wrights had produced everything they had and that any documents the Wrights had not produced must have been destroyed in one of the two fires. Although this argument obviously was not persuasive to the trial court, it was affirmatively asserted by the Wrights' counsel, and the context makes clear that it was asserted as a reason why the court should not grant State Farm's motion for sanctions. This argument by the Wrights' counsel constitutes a sufficient "complaint," "request," or "objection" to satisfy the requirements of Rule 33.1(a)(1)(A).[1] *See Van Es v. Frazier*, 230 S.W.3d 770, 775–76 (Tex. App.—Waco 2007, pet. denied) ("Van Es presented his grounds for opposition to the Fraziers' requests for sanctions in written responses and/or in arguments presented in the hearings on the Fraziers' requests. Thus, Van Es adequately preserved these issues for appellate review."). The fact that the trial court dismissed the Wrights' claims in the face of this argument constitutes an implicit rejection of the Wrights' position, thereby satisfying the preservation requirements of Rule 33.1(a)(2)(A).

State Farm cites several cases in support of its argument that the Wrights failed to preserve error, including *Wade v. Farmers Insurance Group*, No. 14-01-00691-CV, 2002 WL 1404713, at *2 (Tex. App.—Houston [14th Dist.] June 27, 2002, no pet.) (not designated for publication) ("To preserve any error for appellate review, Wade had to present his complaint to the trial court by a motion to amend or correct the judgment, a motion for new trial, or some other similar method."), and *Pryor v. State*, No. 14-05-00411-CV, 2006 WL 1528963, at *1 (Tex. App.—Houston [14th Dist.] June 6, 2006, no pet.) (mem. op.) ("To preserve error in a

---

[1] The words "complaint," "request," or "objection" do not have to be specifically used; it is necessary only that the complaining party make the trial court aware of the ruling it desires and state with reasonable specificity the grounds for that ruling. *See* Tex. R. App. P. 33.1(a)(1)(A).

judgment, a party must apprise the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method.").  To the extent these cases, or others, stand for the proposition that error in granting sanctions can be preserved under Rule 33.1 only by a *post-judgment* motion or complaint, we disagree and decline to follow them.

### Review of Sanctions Order

The standard for reviewing a trial court's sanctions order is abuse of discretion. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020).  A trial court abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable.  *Id.*

Courts follow a two-part test in determining whether a particular sanction for discovery abuse is just:

> First, a direct relationship must exist between the offensive conduct, the offender, and the sanction imposed.  To meet this requirement, a sanction must be directed against the wrongful conduct and toward remedying the prejudice suffered by the innocent party.  Second, a sanction must not be excessive, which means it should be no more severe than necessary to satisfy its legitimate purpose.  This prong requires the trial court to consider the availability of lesser sanctions and, in all but the most exceptional cases, actually test the lesser sanctions.

*Petroleum Sols., Inc. v. Head*, 454 S.W.3d 482, 489 (Tex. 2014) (citations and internal quotation marks omitted).  A trial court must, of course, make these same determinations initially in deciding whether to issue sanctions.

As the finder of fact in a sanctions determination, the trial court has the authority to make findings of fact and conclusions of law:

> [A] trial court has the express authority to arbitrate discovery disputes and impose appropriate sanctions for wrongdoing under rule 215.  And implied within this express grant of authority is the trial court's power to make the factual findings necessary to carry out its legislatively mandated prerogative.

*JNS Enter., Inc. v. Dixie Demolition, LLC*, 430 S.W.3d 444, 454–55 (Tex. App.—Austin 2013, no pet.). Though not required in a sanctions setting, findings are "helpful" in assisting an appellate court in determining whether the trial court abused its discretion. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992); *see also TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) ("It would obviously be helpful for appellate review of sanctions, especially when severe, to have the benefit of the trial court's findings concerning the conduct which it considered to merit sanctions . . . .").

In the present case, the trial court recited findings of fact and conclusions of law in its final judgment.[2] Though lengthy, these findings and conclusions provide essential details of the proceedings that lead up to the dismissal and reveal the trial court's reasoning in deciding to grant a death-penalty sanction:

1. The Court has considered the conduct of the Plaintiffs since this case was filed on October 19, 2015 and finds that Plaintiffs have engaged in a pattern of consistent discovery abuse, defiance of orders, use of a strategic non-suit to avoid having to produce financial records, and despite escalating sanctions for such conduct, continued defiance of court orders amounting to persistent abuse of the litigation process:

   a. Plaintiffs have intentionally failed to produce documents as ordered by the Court in disregard of this Court's Orders:

      (i) **March 24, 2016** Order Granting Defendant State Farm Lloyds' First Amended Verified Motion to Abate and compelling Plaintiff[s] to produce documents and submit to examination under oath. The case was abated until Plaintiffs complied;

      (ii) **June 30, 2016** Order Granting State Farm Lloyds' Motion to Extend Abatement due to Plaintiffs' failure to comply with the March 24, 2016 order, ordering production of documents within 45 days, and further extending abatement of the case;

---

[2] Because they do not conflict with separately made findings, these findings recited in the judgment have probative value. *See Bruce v. Bruce*, No. 03-16-00581-CV, 2017 WL 2333298, at *2 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.).

(iii) **January 26, 2017** Order lifting abatement due to Plaintiffs' failure to comply with the March 24, 2016 and June 30, 2016 orders to allow State Farm to seek judicial remedies for the Plaintiffs' continued failure to comply with prior orders compelling production of documents;

(iv) **June 2, 2017** Order for Plaintiff to produce documents related to Plaintiffs' claim for unpaid Additional Living Expenses within 60 days;

(v) **July 20, 2017** Order striking and denying Plaintiffs' claim for appraisal under the Policy as a result of Plaintiffs' failure to comply with this Court's June 2, 2017 order to produce documents;

(vi) **September 17, 2018** Order on Defendant State Farm Lloyds' Motion to Compel again ordering compliance with the March 24, 2016 and June 30, 2016 orders.

b. Plaintiffs have abused the judicial system to impede discovery, evade this Court's discovery orders and prevent the discovery of relevant evidence relating to defenses raised by State Farm Lloyds, as follows:

(i) Plaintiffs use of a strategic non-suit of certain claims on May 19, 2017 in the face of a motion filed by State Farm Lloyd's and a hearing set for May 22, 2017 to consider allegations that Plaintiffs had engaged in discovery abuse in connection with Plaintiffs' Motion to Compel Appraisal (the timing of the non-suit just days before the hearing compelled the conclusion that Plaintiffs were seeking to avoid document production and the risk of sanctions for having refused to produce relevant evidence);

(ii) Refiling the non-suited claims on February 27, 2018 in County Court #4 (instead of amending to bring the claims back in this case) on the expedited docket, which limited discovery requests and provided a shorter time frame in which to accomplish discovery, another strategic decision designed to evade this Court's prior discovery orders;

(iii) Producing the same limited number of documents previously produced, but in a different order and without bates numbers to make it appear as if new documents were produced in compliance with this Court's orders;

(iv) Refusing to cooperate with State Farm Lloyds to obtain the documents ordered by this Court which could have been obtained with signed authorizations if Plaintiffs did not physically have possession of them;

(v) Refusing to comply with this Court's discovery orders for such a period of time so that in order to continue to pursue production of relevant evidence, State Farm had to file multiple motions seeking the same documents and motions to compel compliance with prior orders,

7

needlessly making the litigation far more costly than it should have been;

(vi) Refusing to comply with this Court's orders for such extended periods of time so that documents may have become unavailable due to third-party document retention policies;

(vii) Continuing to defy this Court's discovery orders such that State Farm Lloyds filed two Motions for Sanctions and Instruction on Spoliation of Evidence, filed February 15, 2019 and also on June 21, 2019, respectively based on the prejudice resulting from Plaintiffs' discovery abuses;

(viii) Failing to comply with this Court's discovery orders to the present date, despite facing State Farm Lloyds' Amended Motion for Sanctions made the basis of this Order and the inadequate and inaccurate answers Plaintiffs provided at the July 13, 2020 hearing on State Farm Lloyds' Amended Motion for Sanctions when the court gave Plaintiffs an opportunity to argue why the requested sanctions should not be imposed.

2. Plaintiffs themselves, and not just their lawyers, are responsible for the abusive conduct described in this order, over a period exceeding four years. Lesser sanctions have not resulted in compliance with this court's orders. It was the duty of Plaintiffs to provide the documents at issue to Plaintiffs' counsel as Plaintiffs' counsel could not provide the documents to State Farm Lloyds unless and until Plaintiffs furnished the same to their counsel, which Plaintiffs have refused to do over a long period of time. Thus, the relationship of the sanction to the harm is direct and imposed against the Plaintiffs who are the ultimate responsible parties.

3. Other available sanctions under Texas Rule of Civil Procedure 215.2 have been considered and tried by the Court. The conduct of Plaintiffs in this case, in continuing to defy orders that they produce their records, leaves the Court to believe that imposing even more sanctions short of dismissal and giving Plaintiffs even more time to comply with prior orders would not be successful in compelling compliance. Additional lesser sanctions would also not punish the violations or cure the harm to State Farm Lloyds due to the passage of time. The following lesser sanctions have been ordered, but were unsuccessful in convincing Plaintiffs to comply with this Court's orders:

a. Refusing to allow Plaintiffs to proceed on their claims by staying and abating their claims until Plaintiffs complied with discovery orders;

b. Imposing additional Orders recognizing Plaintiffs' contempt of prior Orders over a four year period and allowing Plaintiffs additional time to comply;

c. Striking and denying Plaintiffs' claim for appraisal under the Policy in its Order dated July 20, 2017 as a result of Plaintiffs' failure to comply with this Court's June 2, 2017 order to produce documents.

4. Consequently, the Court finds that dismissal of all of Plaintiffs' claims with prejudice is an appropriate and just sanction under the circumstances of this case given Plaintiffs' pattern of discovery abuse and defiance of orders for more than four years. The Court has provided Plaintiffs with multiple opportunities to comply, but Plaintiffs and their counsel have demonstrated bad faith failure to comply by reproducing the same documents already produced in a different order, filing a non-suit of certain claims to avoid compliance with Court orders related to those claims, refiling their non-suited claims in a separate lawsuit in County Court on an expedited docket instead of amending to bring them in this case, and continued callous disregard for the responsibilities of discovery under the rules. The Plaintiffs' bad faith conduct and defiance of this Court's orders has been detrimental to the orderly administration of justice and the duties owed the court system.

5. Based on the foregoing findings and reasoning, the Court concludes that:

A. Plaintiffs had possession of, or a superior right to access to, the documents they were ordered to produce, which were financial documents that State Farm had the right to discover in an effort to develop evidence of whether Plaintiffs had financial motives for intentionally setting the fires made the basis of Plaintiffs' insurance claims;

B. Plaintiffs had a duty and an obligation to preserve and produce the documents that were reasonably requested and that this Court ordered Plaintiffs to produce;

C. The documents Plaintiffs were ordered to produce are essential evidence relevant and material to key issues raised in this case involving State Farm Lloyds' defenses to coverage based on arson;

D. The documents Plaintiffs were ordered to produce could have been harmful to their case if the documents demonstrated a financial motive for arson;

E. The Plaintiffs' failure to produce the documents ordered to be produced for over four years in defiance of this Court's multiple discovery orders justifies a presumption that Plaintiffs concluded that revealing the requested information would be detrimental to their claims and possibly cause them to lose this case. Plaintiffs' bad faith conduct throughout the pendency of this litigation and specifically their stonewalling on production of reasonably requested financial information that this Court ordered them to produce, creates a presumption that Plaintiffs' claims against State Farm Lloyds lack merit. Consequently, the

9

Court concludes it would be unjust to permit the Plaintiffs to present the substance of their claims under the circumstances, warranting the sanction of dismissal of all of Plaintiffs' claims with prejudice to refiling.

In their appeal, the Wrights do not challenge any of the foregoing findings and conclusions.

After a trial on the merits, unchallenged findings of fact "occupy the same position and are entitled to the same weight as the verdict of a jury. They are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *see also Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014) ("We defer to unchallenged findings of fact that are supported by some evidence.").

Findings made after a sanctions hearing are not binding on an appellate court in the same way that findings are after a trial on the merits, because

> [f]actors other than "evidence" actually introduced at the sanctions hearing may be justifiably considered by the court in its decision to impose a sanction. During appellate review, the entire record, including the "evidence," arguments of counsel, the written discovery on file, and the circumstances surrounding the party's alleged discovery abuse, must be examined.

*U.S. Fid. & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex. App.—Waco 1992, writ denied); *accord Greer v. Martinez-Greer*, No. 14-00-00272-CV, 2001 WL 1340357, at *2 (Tex. App.—Houston [14th Dist.] Nov. 1, 2001, no pet.) (not designated for publication). Nonetheless, in a review of sanctions, unchallenged findings must, if supported by evidence, be taken by the appellate court to establish the facts found and, as such, are to be considered with other relevant portions of the record:

> Although we do not afford these findings [made after a sanctions hearing] the same legal presumptions that control findings filed after a nonjury trial on the merits, . . . we must nevertheless defer to the trial court's resolution of factual matters that underlie its discretionary rulings and therefore may not substitute our judgment for the trial court's judgment in those matters.

10

*Williams v. Chisolm*, 111 S.W.3d 811, 815 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

We have examined the record and hold that the trial court's findings stated above were supported by evidence. Accordingly, we consider those facts to be established.[3]

Reviewing the entire record, we conclude first that a direct relationship exists between the offensive conduct, the offender, and the sanction imposed. Even assuming that some of the documents requested by State Farm were destroyed in the fires and that no other copies exist, the Wrights have not put forth any excuse for their refusal to sign the needed authorizations to obtain at least some of the documents from other sources. This conduct is attributable solely to the Wrights, not their counsel.

We next conclude that the trial court not only considered the availability of lesser sanctions but actually used lesser sanctions before granting the death-penalty sanction of dismissal with prejudice. On two occasions the court abated the Wrights' claims and formally ordered them to produce the requested materials. When the Wrights later failed to comply with the trial court's June 2, 2017 order to produce receipts showing additional living expenses, the court sanctioned the Wrights by denying them the right to an independent appraisal for the additional living expenses. In 2018 the court again overruled the Wrights' objections to State Farm's requests and ordered the Wrights to produce all documents requested. In response to that order, the Wrights simply produced the same documents they had produced previously but in a different order. We hold that the trial court was within its discretion in concluding that the

---

[3] In addition, the same facts stated in the trial court's findings are also stated in State Farm's Appellee's Brief and have not been contradicted by the Wrights. Therefore, the Texas Rules of Appellate Procedure obligate us to accept those facts as true. *See* Tex. R. App. P. 38.1(g), 38.2(a)(1).

11

imposition of further sanctions short of dismissal would not have been successful in compelling compliance with State Farm's discovery requests and the court's prior orders.

We hold that the judgment of dismissal in the present case satisfied the two-part test mandated by the Texas Supreme Court for the review of sanctions orders. Therefore, the Wrights have not shown that the trial court abused its discretion by imposing death-penalty sanctions.

## Conclusion

Having overruled the Wrights' appellate complaints, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Justice

Before Justices Baker, Smith, and Jones*

Affirmed

Filed:   February 25, 2022

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).